On the Petition of WILLIAM W. SMITH for a Habeas Corpus.

It is the duty of the court, when called upon to decide as to who shall have the custody of infant orphans, to consult the best interests of the children.

SMITH filed his petition stating, that, by the Probate Court of Logan county, he had been appointed guardian of Mary Alex-

ander, aged thirteen years, and her brother John, aged eight years. That said children were the heirs of one Augustus Alexander, deceased. That the mother of the children was also deceased. That he demanded the custody of Mary from Thomas Shoup, and that of John from John Handsby, who had the said children in their keeping.

Shoup, in his return to the writ, stated, that the infant Mary was placed in his hands by her father about the time of his death, with the request that he should take charge of her, and find her a good place at which she might be raised and receive proper instruction. That he had found such a place, and was about to have the child removed to the family of one Dr. Fair, in pursuance of his promise to the father. That Smith was not a suitable person to have the custody of the child.

Handsby answered, that the father of John, about the time of his death, gave the child to him, to be raised by him until the child should arrive at majority; and that Smith was not a suitable person, from his habits and demeanor, to have the care and custody of the child. Proofs were taken, which corroborated the facts set out in the answers to the writ of Shoup and Handsby.

W. H. HERNDON and W. J. FERGUSON, for petitioner.

STUART & EDWARDS and L. P. LACY, for respondents.

PER CURIAM. Alexander died in December, 1851, leaving a daughter aged thirteen, and a son aged eight years. In his last sickness he requested Shoup to take charge of and educate the daughter; and he made a like request of Handsby respecting the son. In January, 1852, Smith was appointed guardian of the children, and claimed the right to control them, which was denied by Shoup and Handsby. He then sued out a writ of *habeas corpus* from this court for the purpose of obtaining the custody of the children. The application is resisted by Shoup and Handsby. It appears, from the evidence, that the children prefer to remain with Shoup and Handsby, from whom they receive proper care and attention. The evidence also tends to

show that Smith is not a suitable person to have the custody of the children. In this state of the case, the court will not interfere, but leave the children where their father placed them, and where they desire to remain. It is the duty of the court, on this application, to consult the best interests of the children; and that would not be done by putting them under the control of the petitioner. 2 Kent's Comm. 194. See also Cowls v. Cowls, 3 Gilm. 435, and Miner v. Miner, 11 Ill. 43.

Under the circumstances of the case, the children are not improperly detained, and the application of the guardian must be refused.

*Application refused.*