[Filed March 28, 1888.]

## MARY J. WEBER, RESPONDENT, *v.* EMIL WEBER, APPELLANT.

DIVORCE—POWER TO GRANT—STATUTORY.—The power to grant a divorce, and such other relief as is usually incidental thereto, is purely statutory.

DIVORCE—PLEADING—WIFE'S SEPARATE PROPERTY.—In a divorce suit by a wife, her pleading ought to allege what personal property of hers the husband has in his possession or control, to enable the court to make a decree in her favor therefor.

DIVORCE SUIT—PLEADING IN.—In a divorce suit by the wife, when she alleges that certain personal property is the property of her husband, a decree finding the same is her separate property will be reversed as unauthorized and contrary to the pleadings.

APPEAL from Multnomah County.

*Watson, Hume & Watson,* for Appellant.

*Cornelius Taylor,* and *H. T. Bingham,* for Respondent.

STRAHAN, J.—At the last term of this court, another part of the decree in this case was here for review on Rothchild's appeal, and the opinion of the court thereon is reported in 15 Or. 385. Since that time the defendant Weber has perfected an appeal from so much of the same decree as adjudges that the plaintiff is the owner of the household furniture described in the amended complaint, and in the findings of the court, and from the further order and decree made in said cause on the twenty-fourth day of September, 1887, wherein and whereby it was ordered and decreed that the furniture in the dwelling-house situated on lot 8, in block 45, in Couch's Addi-

tion to the city of Portland, Oregon, being the house where the plaintiff now resides, is the separate property of the plaintiff.

The complaint, as well as the amended complaint, alleges that the property involved in this appeal is the property of appellant. This allegation is denied in the answer by appellant, and said property is alleged to be the property of his co-defendant Rothchild. The only question presented by the appeal is whether or not the court could, under the pleadings, divest the title out of the appellant or his co-defendant Rothchild, and by the decree invest it in the plaintiff.

1. It was conceded upon the argument by both parties that the power to grant a divorce, and such other relief as is usually incident thereto, is purely statutory. (1 Pomeroy's Equity Juris. §§ 98, 112, 171; 1 Bishop on Marriage and Divorce, § 71.) Section 501 of Hill's Code defines the power of the court in case a marriage is declared void or dissolved. It says:—

"Sec. 501. Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows: ". . . . (2) For the recovery of the party in fault, and not allowed the care and custody of such children, such an amount of money in gross or in installments, as may be just and proper for such party to contribute towards the nurture and education thereof. (3) For the recovery of the party in fault, such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other. (4) For the delivery to the wife, when she is not the party in fault, of her personal property in possession or control of the husband at the time of giving the decree. . . . ."

An insuperable objection to this part of the decree is that it is not alleged in the complaint that the property in controversy was the property of the plaintiff, or that the same was in the possession or control of the husband; on the contrary, it is alleged that this property is the property of the defendant Weber, and that it is in the possession of the plaintiff. If the appellant owned the property, as the plaintiff alleged, the court had no power by its decree to divest his title and give it to the plaintiff; on the other hand, if the same was the separate prop-

erty of the plaintiff, she failed to bring her case within the statute entitling her to any relief as to this property, but precluded herself by her own allegations from setting up title to the same. So that in neither view of the subject can this part of the decree be sustained.

2. A decree must be based upon and in accordance with the facts alleged in the pleadings. It cannot be upon a state of facts, the exact opposite of what is alleged. This subject was under consideration in *Bender* v. *Bender,* 14 Or. 353, and it is unnecessary to repeat what was there said. If the plaintiff is in fact the owner of this property, other provisions of the statute afford her an adequate remedy for its recovery should she be deprived of it.

Let so much of the decree appealed from as is specified in the notice of appeal be reversed; but the appellant must pay the costs of this appeal, for the reason that so far as appears, the entire litigation grew out of his misconduct, and the plaintiff is in every respect free from all fault.