The People of the State of Illinois ex rel. Fred Henry Frentz, Plaintiff in Error, v. William Frentz and Catherine Cobb Frentz, Defendants in Error.

Gen. No. 33,517.

260

WILSON, P. J., dissenting

Opinion filed March 5, 1930. Rehearing denied March 31, 1930.

BURTON EVANS and JOHN T. WHITEHEAD, for plaintiff in error.

EVANGELINE C. HURSEN, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This writ of error is sued out by the relator, Fred Henry Frentz, in an endeavor to reverse the judgment of the superior court in a certain *habeas corpus* proceeding entitled as above, in which the court found the

issues for the respondents and gave judgment thereon against relator for costs.

A petition for a writ of *habeas corpus* was filed by the relator August 22, 1928, and *inter alia* set forth that he resided in Hammond, Indiana; that his daughter, Dorothy Lois Frentz, is restrained of her liberty by respondents, the father and stepmother of relator. After setting forth that the respondents resided in Harvey, Cook county, Illinois, and that they unlawfully detain the said Dorothy Lois Frentz in their home in Harvey, relator represents that the mother of his said daughter died September 24, 1922; that said daughter has stayed at the home of respondents since she was 3½ months old to the date of the filing of the petition, and further represents that during all of said time relator paid for the board and keep of said daughter $5 a week, and in addition thereto purchased her clothes and paid for all medical and other expenses requested by respondents; further represents that relator at no time relinquished his right to his said daughter or entered into any agreement or understanding of any kind with respondents or either of them, whereby they were to keep his daughter for any purpose whatsoever, other than to look after her for relator for the remuneration aforesaid. Relator further represents that about two weeks before the filing of the petition he requested from respondents the custody of his daughter in order that he might take her to his home in Hammond; that respondents without any just cause or reason refused to deliver his daughter to him; that said daughter is the only child of relator, and that relator is well able financially to care for her; that he is worth over $10,000 in excess of his liabilities, and that he is now married and his wife's name is Mildred Frentz; that she is about 29 years old and willing and desirous to help relator in the proper care of his said daughter; that relator is 33 years of age, and is employed as a machinist and earns sufficient money

to care for his daughter, his wife and himself, and is able to properly educate and bring up said daughter; that the respondent William Frentz is about 57 years of age, and his wife about 50 years of age, and that they have no substantial amount of property and are not financially able to educate relator's daughter; that relator believes it will be for the best interest of his said daughter to be and remain in his custody. Relator prays that a writ of *habeas corpus* issue, pursuant to the statute, directed to the respondents, demanding them to bring his said daughter Dorothy Lois Frentz before the superior court, etc. The petition is sworn to by relator.

The writ of *habeas corpus* was issued on the date the petition was filed, and on the next day respondents entered their appearance by their present attorney of record.

Respondents on August 24, 1928, made a return to the writ of *habeas corpus* and set forth that the cause of detention of said Dorothy Lois Frentz was that she had been in the custody of respondents "since being taken from the hospital after her birth"; that they have cared for her since that time and that they have pending in the county court of Cook county a petition for her adoption; that the petition was filed August 21, 1928, and that respondents feel that it is for the child's best interests that she remain in their care, and they pray that the court quash the writ of *habeas corpus.*

Relator made a motion that the petition for *habeas corpus* be set for hearing on September 17, 1928; that on September 21, 1928, relator filed an answer to the aforesaid return of respondents to the writ of *habeas corpus,* wherein he denies that his said daughter has been in the custody of respondents since her birth, but states that she has been in their custody during the time set forth in the petition for a writ of *habeas corpus.* Further answering said return relator reas-

serts and repleads each and every allegation in the petition for a writ of *habeas corpus,* and further answering states that respondents have cared for his said daughter for the compensation stated in the petition for the writ and other expenses requested by respondents or either of them, and denies that at any time he ever abandoned or surrendered his claim to his daughter, and that respondents' detention of his said daughter is without legal right of any kind. Further answering states that a petition for adoption was filed by respondents in the county court of Cook county, but relator believes that a writ of *habeas corpus* takes precedence of said adoption proceeding, and relator expressly pleads any and all advantage granted by law to him in favor of said writ of *habeas corpus* superseding all other proceedings and particularly the aforesaid proceeding for adoption. Relator further states that his said daughter does not require the care of the respondent Catherine Frentz; that relator is now married and is well able to care for his said daughter and has sufficient and ample means to do so, and that it is for the best interest of said daughter to be in his custody. Relator further answering states that said respondents have no good or valid reason of any kind or description for the detention of his said daughter, and have no legal right to her custody, and respectfully prays that the respondents be ordered by the superior court to deliver the custody of his said daughter to him, etc.

On December 10, 1928, relator moved that said *habeas corpus* proceeding be set down for hearing. On January 18, 1929, relator filed an additional answer in which *inter alia* he repeated each and every allegation contained in the petition for *habeas corpus* and in the answer to the return filed to said petition for *habeas corpus.*

Relator further states that in the petition filed by respondents for the adoption of said Dorothy Lois Frentz, it is averred *inter alia,* ''that the cause of adoption of said child is that the mother is dead and the father has a violent temper and is unfit to care for her; that he has remarried, thus giving the child a step-mother; that for a period of three years he abandoned and neither supported nor cared for her in any way; and that during the past year he has contributed only a very small amount, not sufficient to care for the child''; and prays that relator and his daughter may be made parties defendant to the petition for adoption, and for publication notice as to relator, in pursuance of the provisions of the statute, and prays for leave to adopt said child as their own, etc.

Relator further answering alleges that over his protest a decree of adoption was entered in the said county court, the terms of which will be proven at the hearing; that said decree of adoption *inter alia* sets forth as a cause for adoption that:

''The Court further finds that the cause for adoption of the said minor child is that the father of said child abandoned the said child for about two years, and has failed in this to assist in the maintenance of the said child; that he has re-married, and is of a bad temper and disposition, and that he is unfit to have the child, and that the mother is deceased.''

Relator alleges that the petition for adoption does not set forth a cause for adoption as provided by statute on adoption that said petition is jurisdictional; and that by reason of the fact that it does not set forth in the language of the statute any statutory cause for adoption, the county court was wholly without jurisdiction of the said Dorothy Lois Frentz and of relator as a defendant thereto; that the decree of adoption and all proceedings thereunder, so far as the same affects the said Dorothy Lois Frentz and relator, are void and

of no force and effect. Relator prays that the respondents be ordered by the court to deliver the custody of Dorothy Lois Frentz to relator, and that the court find that the adoption proceedings are illegal and void, and for other relief, etc.

On January 19, 1929, an order was entered giving leave to relator to file an additional plea, instanter, and that the additional answer heretofore filed by relator, stand as an answer to said additional plea. On February 25, 1929, an order was entered by the superior court giving the custody of Dorothy Lois Frentz to respondents with a judgment against relator for costs.

Several witnesses gave evidence in support of the writ of *habeas corpus,* which upon objection and motion of respondents was stricken from the record, and thereupon the court dismissed relator's petition for a writ of *habeas corpus.*

It is principally argued for reversal that the superior court erred in delaying the hearing on the *habeas corpus* writ and in not hearing the matter at once, and in so holding up the hearing which operated to permit the county court to proceed to a finality with the adoption proceeding contrary to law, and in not holding that the county court was without jurisdiction in the matter of the adoption proceeding to enter a decree of adoption, and that for the lack of proper averments, the county court had no jurisdiction of the adoption petition, and that the trial court erred in not entering a judgment in the *habeas corpus* proceeding, ordering the daughter of relator to be returned to his custody.

In the order of sequence of the *habeas corpus* and adoption proceedings, the petition for adoption was filed August 21, 1928, and the petition for *habeas corpus* was filed the next day, August 22, 1928. As a matter of fact the superior court acquired jurisdiction of the *habeas corpus* case before the county court acquired

jurisdiction of the parties in the petition for the adoption of the daughter of relator.

In *Matson v. Swanson*, 131 Ill. 255, it was held that the authority of all other writs must yield to the authority of the writ of *habeas corpus;* that therefore from the moment the sheriff receives such writ the custody of petitioner will be by virtue thereof, and not under any other writs. By parity of reasoning the writ in the adoption proceeding, sued out of the county court, should have yielded to the writ of *habeas corpus,* and it was a breach of judicial duty under the *habeas corpus* act for the judge to continue, against the protest of relator, the hearing of the *habeas corpus* proceeding and to thereby allow the county court to proceed to decree in the adoption proceeding, as by service of the *habeas corpus* writ upon the respondents, the superior court, upon such service, acquired jurisdiction not only of the cause, but of the parties thereto. This action of the superior court was additionally harmful to the relator, because no appeal or writ of error lies from a judgment of the county court in an adoption proceeding. The writ of *habeas corpus* was a lawful writ on which to determine the question of the custody of the daughter of relator. Respondents do not contend to the contrary. As the writ of *habeas corpus* had precedence over every other writ, including the petition for adoption in the county court, it became the duty of the superior court to proceed forthwith to a hearing. It had no right to defer the hearing and await the result of the decree of the county court in the adoption proceeding.

Oral and documentary evidence found in the record was conclusive of the rights of the relator in every way sufficient to sustain an award of the custody of relator's daughter to him under the *habeas corpus* writ. The court erred in excluding the evidence heard, and in dismissing the writ.

The issue of the jurisdiction of the county court in the adoption proceeding was clearly before the court under the plea of *res judicata* interposed by respondents, setting up the decree of the county court in the adoption proceeding, as *res judicata* of the rights of the parties. The whole of the proceeding in the county court was in evidence before the superior court on the hearing of the *habeas corpus* proceeding.

It is argued that the county court was without jurisdiction to entertain the petition for adoption because the petition did not conform to the adoption statute in the assignment of reasons for such adoption. Section 2, Cahill's St. 1927, ch. 4, ¶ 2, requires that a petition for adoption shall set up one or more of the conditions for adoption, which section 3, chapter 4 requires be found before a valid decree of adoption can be entered. The cause assigned in the petition is as follows:

"That the cause of adoption of said child is that the mother is dead, and the father has a violent temper and is unfit to care for her; that he has re-married, thus giving the child a stepmother; that for a period of three years he abandoned and neither supported nor cared for her in any way; and that during the past year he has contributed only a very small amount, not sufficient to care for the child."

Such averments do not conform to any of the provisions of section 3, *supra*. That section provides that the unfitness of the parents or surviving parent must be: depravity, open and notorious adultery or fornication, habitual drunkenness for a period of one year prior to the filing of the petition, extreme and repeated cruelty to the child, abandonment of the child or desertion of the child for a period of six months next preceding the filing of the petition. It is apparent from the petition that its averments do not fulfil the requirements of the statute.

In *Hook v. Wright,* 329 Ill. 299, it was held that whether a court was one of general or limited jurisdic-

tion, if it is exercising a special statutory jurisdiction the record must show upon its face that the case is one where the court has authority to act, as jurisdiction in such cases is never presumed, and if does not so appear, the judgment will be void and subject to collateral attack.

The adoption proceedings are statutory and the statute conferring the power must be at least substantially complied with.

In the case, *supra,* it was further held that a petition for adoption, in order to put the court in motion and give it jurisdiction, must be in conformity with the statute granting the right and must show all the facts necessary to authorize it to act, and if the petition fails to contain all these essential elements the court is without jurisdiction. And it is again held that such defective petition is subject to collateral attack.

*Keal v. Rhydderck,* 317 Ill. 231 is to a like effect.

In *Hook v. Wright, supra,* the court said:

"In *Musselman v. Paragnik,* 317 Ill. 597, the adoption was under the act of 1874. The father was living and consented to the adoption. The mother was living but no notice was served on her, her name and place of residence were not stated in the petition, it was not alleged that her residence was unknown or whether or not she consented to the adoption. After reviewing many prior decisions of this court, on page 602 it was said: 'The decisions agree that the least that can be required to sustain the jurisdiction of the county court to make an order of adoption is, that the record should show a petition containing the necessary requirements to sustain the jurisdiction,—that is, a petition containing the statements which the statute says the petition shall state. This petition did not state the name and residence of the mother or that they were unknown to the petitioners or whether she consented to the adoption. The statute requires a petition stating these facts before the court is authorized to act. Until such a

petition was filed the case was not within the jurisdiction of the county court. It was not a case in which the court had a right to deliberate and was not a case committed to the court by law. This question received a full consideration by the court at its last term in a case in which a rehearing has been denied at this term, (*Keal v. Rhydderck,* 317 Ill. 231), in which there is a review of the previous decisions of the court. In accordance with the views announced in the opinion in that case the order of adoption of the appellee made by the county court of Perry county was without jurisdiction and void.' "

While there is an averment of abandonment of the child of relator for a period of three years and a lack of support for that period, this is not a sufficient compliance with the act in that regard, and is not well taken, because the statute provides that abandonment shall be for a period of six months next preceding the filing of the petition for adoption, and there is no such averment contained in the petition. Moreover, the averment in the petition that relator "has contributed only a very small amount" towards the support of the child negatives the contention of abandonment or desertion. It is furthermore patent that there was no abandonment or desertion on the part of the relator of his child. It stands admitted that he contributed to the support of the child. It is not denied that he constantly visited the child. Neither is it denied that the mother of the child died, and that the child was given into the custody of her grandfather and stepgrandmother to be cared for until the relator, the father, was in a position to take entire charge of his child. That condition arrived when he again married and had a home for the child with his second wife, who under his direction, it was averred, was competent to care for all her wants, necessities and education. There is no fact stated in the petition for adoption, which in law constitutes a charge of abandonment of the child by the relator.

If it were possible to cure the defects in the petition for adoption by recitations of jurisdictional facts in the decree, it is sufficient to say none such are found therein. We find the decree equally silent upon these essential findings.

The reasons found in the decree of adoption are as follows:

"The court further finds that the cause for adoption of the said minor child is that the father of the said child abandoned the said child for about two years, and has failed in this to assist in the maintenance of the said child; that he has re-married, and is of a bad temper and disposition, and that he is unfit to have the child, and that the mother is deceased." None of these findings fulfil the requirements of the statute.

As to the abandonment finding in the decree, that is negatived by the averment in the petition that relator "has contributed only a very small amount" towards the support of the child. There is nothing in the statute about a bad temper being cause for depriving the father of his child, or remarrying, and the finding that he is unfit to have the child finds no support in any averment of fact in the petition or in any of the evidence found in the record. Neither by any of the averments of the petition, nor any of the findings of the decree, is a cause stated or found giving the county court jurisdiction of the adoption proceeding. Lacking such jurisdiction, the decree is subject not only to collateral attack, but is void in law. As the proceedings in the county court were put in evidence in support of the plea of *res judicata* in the *habeas corpus* case and in the hearing thereof, respondents entirely failed to support such plea of *res judicata* by competent proof.

As the best interests of children are always the special care of every court in which the propriety of their custody is in issue, if the parties so desire, evidence of the character, habits, environment and prop-

erty qualifications of the relator and the respondents in the *habeas corpus* proceeding will be proper to be heard upon the new trial granted by this opinion.

For the errors above pointed out the judgment in the *habeas corpus* proceeding in this writ of error is reversed, and the cause is remanded for a new trial in accord with the views herein expressed.

*Reversed and remanded.*

MR. JUSTICE RYNER specially concurring: I agree that the judgment of the superior court should be reversed and the cause remanded for a new trial. I do not, however, concur in the view that abandonment as a ground for adoption, under the statute, must be for a period of more than six months next preceding the filing of the petition for adoption. In dealing with the subject of abandonment of property the Supreme Court of this State, in the case of *Burns v. Curran,* 275 Ill. 448, said:

"The question of abandonment is one of intention, to be determined from the evidence, and there is no abandonment unless the premises are left with an intention of not again resuming possession."

The natural interpretation of the adoption statute makes it accord with the principle of law announced by the Supreme Court. The element of time is a factor to be considered in determining whether there has been an abandonment of property or children, but it is not controlling.

In the instant case the petition for adoption alleged that the child in question was about six years of age at the time the proceeding was instituted, that the relator had abandoned her for a period of three years and that during the past year he had contributed only a very small amount for her support. The decree finds as the only statutory ground for adoption that the relator "abandoned the said child for about two years."

The petition contains a clear admission that the relator did not relinquish all interest in his child. It shows affirmatively that during the year immediately preceding the filing of the petition for adoption he was contributing to her support. In this respect the petition failed to confer jurisdiction of the subject matter upon the county court.

The petition does not charge and the decree does not find any facts showing that the father left his child with the intention of not again resuming custody of her or that the court had jurisdiction. *French v. French*, 302 Ill. 152.

MR. PRESIDING JUSTICE WILSON dissenting: I cannot concur in the majority opinion. The petition for adoption was filed August 21, 1928. The petition for the writ of *habeas corpus* was filed August 22, 1928. The county court obtained jurisdiction before the *habeas corpus* proceeding was started. The adoption proceeding proceeded to a final decree before the *habeas corpus* proceeding was determined.

The only question involved is whether the county court had jurisdiction of the subject-matter. The plea of *res adjudicata* was properly held conclusive by the judge of the superior court who heard the *habeas corpus* proceeding. That court properly struck out all the testimony introduced by petitioner, and properly so. As a matter of fact the court should have heard no testimony whatsoever.

The statement in the majority opinion that the evidence in the *habeas corpus* proceeding was conclusive of the right of the relator therein to sustain an award of the custody of the child is in my opinion unwarranted. The decree of the county court, which court heard all the evidence of the parties, should be taken as final on the facts, and not subject to collateral attack.

The relator in the *habeas corpus* proceeding filed his answer in the adoption proceeding in the county court

and denied the allegation of the petition therein generally and *in toto*.

The statute concerning adoptions sets out the grounds upon which the court can award the custody of a child to its adoptive parents. It provides, among other grounds, that abandonment of the child or desertion of the child for six months next preceding the filing of the petition, are sufficient to sustain the entry of a decree. The decree of adoption introduced in the *habeas corpus* proceeding found that the court had jurisdiction of the subject-matter and of the person and set forth *in extenso* all the facts necessary to sustain that proposition. It contained a finding that the father of the child abandoned said child for about two years. Abandonment need not necessarily be continuing, but may be. Desertion may continue after abandonment, but the words, ''for about two years'' following the word, ''abandoned'' in the decree is surplusage and mere irregularity.

The Supreme Court of this State in the case of *Hoit v. Snodgrass*, 315 Ill. 548, in its opinion says:

''When the general character of a judgment is such that its subject-matter falls within the general jurisdiction of the court that enters it, a collateral attack cannot be made thereon even though the pleadings may be defective and subject to demurrer.''

Again in the case of *Smith v. Herdlicka*, 323 Ill. 585, in regard to the question of jurisdiction, the court says:

''Jurisdiction of the subject-matter is the power to hear and determine causes of the general class to which the proceeding in question belongs, and such jurisdiction is always conferred by law.''

In my opinion the county court had jurisdiction of the subject-matter and of the parties. There may have been an irregularity in the pleadings or in the decree, which could have been corrected, if called to the atten-

tion of the court, but this irregularity did not deprive the court of jurisdiction, and its decree was final.

The Supreme Court in the case of *Hopkins v. Gifford*, 309 Ill. 363, says:

"Courts are more inclined to abandon the old rule of strict construction and to place a fair and reasonable construction on adoption statutes, to the end that the adoption may be upheld and the assumed relationship sustained. There must be a substantial compliance with the provisions of statutes conferring jurisdiction, but the construction of such statutes is not to be so narrow or technical as to defeat the intention of the acts or the beneficial results where all material provisions of the statutes have been complied with."

In my opinion the superior court properly found that the county court had jurisdiction of the subject-matter and was correct in its position in refusing relator the right to attack that judgment collaterally in the *habeas corpus* proceeding. A decree of a court having jurisdiction of the subject-matter should be upheld if possible.

For the reasons stated, I am of the opinion that the judgment of the superior court should be affirmed and for that reason I cannot concur in the majority opinion of this court.