Argued October 10, affirmed November 14, petition for rehearing
denied December 19, 1950

IN THE MATTER OF THE ADOPTION OF DENNIS HAROLD
ABELSEN, A MINOR

VOLZ ET UX. *v.* ABELSEN

224 P. (2d) 213
225 P. (2d) 768

*Larry Landgraver* argued the cause for appellants. With him on the brief was Leo Levenson, both of Portland.

No appearance for respondent.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, HAY, LATOURETTE and WARNER, Justices.

LATOURETTE, J.

This is an appeal from the order of the circuit court of Multnomah county denying the petition of appellants for the adoption of their grandson, a lad of the age of seven years. The boy's mother, a daughter of petitioners, died January 3, 1949.

The mother and the child's father, the objector and respondent, were divorced in November, 1945. Under the terms of the divorce decree, the mother was awarded full care, custody and control of the child. On the date of the birth of the child, the father was in the armed services, and the mother took said child to her parents' home where the child has resided for his entire life. The father remarried in November, 1946, and from such marriage there have been born three children. The father is employed by The Journal Publishing Company and earns a salary of $300.00 per month.

After the death of the mother and on the 1st day of February, 1949, the petitioners filed a petition for the adoption of the child, which petition, upon hearing, was dismissed. The court, however, on its own motion, reopened the divorce proceedings and awarded the temporary care and custody of said child to the petitioners and ordered the father to pay into the registry of the court the sum of $20.00 per month for the support and maintenance of said child, the first payment to be made on the 10th day of March, 1949. At the hearing in the divorce proceedings concerning the custody of the child, it was stipulated by all parties that the court should conduct an investigation into the future planning of change of custody of said minor child; however, it does not appear from the record that any investigation was ever had. On the 11th day of April, 1950, the petitioners filed another petition for the adoption of said child, and, upon a hearing, such petition was denied, thus bringing about this appeal.

Section 63-402, O. C. L. A., reads in part: "The parents of the child, or the survivor of them, shall, except as herein provided, consent in writing to such adoption."

Section 63-403, O. C. L. A., reads as follows:

"If either parent is insane or imprisoned in the state prison, under a sentence for a term not less than three years, or has willfully deserted and neglected to provide proper care and maintenance for the child for one year next preceding the time of filing the petition, the court shall proceed as if such parent were dead, and in its discretion may appoint some suitable person to act in the proceedings as next friend of the child, and give or withhold the consent aforesaid."

It is the position of petitioners that the consent of the father to the adoption is unnecessary since he has willfully deserted and neglected to provide proper care and maintenance for the child for one year next preceding the time of filing the petition. We quote from the petition for the adoption the salient portions referring to such alleged desertion and neglect:

"VIII.

"That since the 28th day of February, 1949, the objector has been and now is in contempt of said order issued under Case No. 165-314 in that he has failed to make any of the payments provided for in said decree.

"IX.

"That since the 26th day of March, 1949, the objector has made one visit with the said minor child, namely in November, 1949. That he failed to give the said minor any Christmas present and has in all respects abandoned said minor child. That the objector prior to the original adoption proceeding remarried and had two additional children by his second marriage."

■■ Referring to Paragraph VIII of the petition above quoted, it may be inferred from the language that the father neglected to provide proper care and mainte-

nance for the child for one year next preceding the time of filing the petition, but by no reasonable construction of the language in Paragraph IX aforesaid can it be said that petitioners alleged the jurisdictional fact that the father has willfully deserted the child for one year next preceding the time of filing the petition. All that is alleged is that the father made one visit to the minor during the period involved and failed to give the son any Christmas present. Treating the "abandonment" of said minor child as synonymous with "willfully deserting said child," the period of such abandonment is nowhere stated in said petition. To give the court jurisdiction in the absence of the consent of the father, two requirements under the law must be fulfilled: (1) willful desertion for one year next preceding the time of the filing of the petition, and (2) neglect to provide proper care, etc., for a like period of time. The court necessarily acquires jurisdiction through the allegations of the petition, and the petition being devoid in the respects pointed out, the court, for want of the father's consent, lacked jurisdiction to order an adoption and properly entered an order of dismissal.

Affirmed.

On Petition for Rehearing

*Larry Landgraver* and *Leo Levenson,* both of Portland, for the petition.

No appearance for respondent.

Before Lusk, Chief Justice, and Brand, Rossman, Hay, Latourette and Warner, Justices.

LATOURETTE, J.

Petitioners have filed a petition for rehearing

and urge that the court, in its opinion, erred in holding that: "The court necessarily acquires jurisdiction through the allegations of the petition." It is argued that: "There is a presumption of jurisdiction which attaches to courts of general jurisdiction." Counsel cites 1 Am. Jur. § 33, 636, and 1 Am. Jur. § 34, 637, and *In re Grazzini's Estate*, 31 Cal. App. (2d) 168, 87 P. (2d) 713.

A close analysis of the text in 1 Am. Jur., § 33, supra, reveals that counsel has sequestered a portion of the text in his quotation of the rule which gives what is called the modern tendency of the courts in adoption matters. Had he read further from such § 33, he would have found, quoted at p. 637, that:

> "Other courts regard adoption proceedings, even in a court of general jurisdiction, as being a special and summary power conferred upon the court not after the course of the common law, and therefore regard the action of such a court in adoption proceedings as being similar to that of a court of limited and special jurisdiction in that all jurisdictional facts must appear affirmatively by the record. There can be no presumption, in such case, that jurisdiction was obtained over the parent of the child if the record of the adoption is silent on the subject."

If counsel had taken the trouble to run down the Oregon authorities, he would have discovered *In re Frazier's Estate*, 180 Or. 232, 238, 177 P. (2d) 254, wherein this court, after calling attention to 1 R. C. L., Adoption of Children, § 4, 595, repudiated the so-called modern tendency of the courts doctrine in the following language:

> "As recently as Williams v. Capparelli, ante p. 41, 175 P. (2d) 153, decided December 10, 1946, this court held that, the right of adoption being of

civil origin and unknown to the common law, statutes of adoption must be strictly construed. See, to the same effect, Long v. Dufur, 58 Or. 162, 170, 113 P. 59; Furgeson v. Jones, 17 Or. 204, 217, 20 P. 842, 11 Am. St. Rep. 808, 3 L. R. A. 620.''

In the case of *In re Grazzini's Estate*, supra, the modern tendency rule was adopted, which, as above stated, is not the law in Oregon.

The court's attention is also called to *Furgeson v. Jones*, supra. In that case the child's mother, who had been awarded the custody of the child in a divorce proceeding, gave her consent to the adoption. The child's father, who resided without the state of Oregon, was not served with notice. This court, speaking of the jurisdiction of the county court in ordering the adoption, at p. 210, said:

"To give its decree any force or effect, jurisdiction must have been acquired by the court (1) over the person seeking to adopt the child, (2) over the child, and (3) over the parents of the child."

In that case the court was referring to the jurisdiction of the persons and not of the subject matter. In the present case we are concerned only with the jurisdiction of the subject matter.

We find in 2 C. J. S. § 37, 419, the following:

"Under statutes authorizing adoption without the natural parent's consent where he has abandoned the child or is unfit to have custody of it, it is generally held that a petition alleging such abandonment or unfitness must comply with the statutory requirements in order to confer jurisdiction."

In the case of *State ex rel. v. Frentz*, 256 Ill. App. 259, involving a collateral attack on the order of adop-

tion, that court held that the petition for adoption of a child, setting forth as a ground the abandonment of the child for a period of three years by the surviving parent, was insufficient under the law in not averring abandonment for a period of six months next preceding the filing of the petition and ruled the adoption void.

In the case of *Truelove v. Parker,* 191 N. C. 430, 132 S. E. 295, the court held that a petition in an adoption proceeding, alleging abandonment of child by parents, must comply strictly with the provisions of the statute relating to such abandonment.

■ After drafting and printing the petition for rehearing in the instant case, petitioners attached an appendix to the same in which it is stated:

"  *  *  * we believe the court further erred in failing to consider Section 63-402, O. C. L.A., which provides that in case the legal custody of such child shall have been awarded in divorce proceedings, the consent of the person to whom such custody has been so awarded may be held by the court sufficient, but in such case citation to show cause shall be served upon the person not having the custody, and the objections of such parent shall be heard, if appearance be made. In this case the petitioners have been awarded the custody of the child.

"Therefore, it is not a question of jurisdiction in this case, as the natural father's consent was not legally essential."

This question has not heretofore been before the court in the instant case, and we will now consider the same.

To understand the question before us, we will recount the facts applicable to the matter. Upon the divorce between the father and the mother of the child, the mother was awarded the child's custody. The mother died, whereupon, petitioners, on the 1st day

of February, 1949, filed a petition for the adoption of said child. Upon a hearing the court denied the adoption, whereupon, on the 11th day of April, 1950, a petition for the adoption of said child in the instant case was filed.

From such petition we find that the court, on its own motion, after all of the evidence was in, issued an order in the divorce case between the father and mother of said child, because of the death of the mother of said minor, vesting the care, custody and control of the minor in the petitioners, i. e., the maternal grandparents.

The question before us turns upon the legality of the modification of the divorce decree awarding the custody of the child in question to the petitioners.

When the wife died in the instant case, the divorce court ceased to have jurisdiction over the divorce proceedings as to any further or future action in the matter. In 17 Am. Jur. § 689, 524, we find:

> "The general rule is that where the custody of children is granted to one spouse, such custody does not forever cut off and bar the other spouse's right to their custody so long as the decree is unmodified, but only establishes the right between the two spouses during their lives; and upon the death of the one to whom the custody of the child was awarded, his or her right does not descend nor can it be transmitted, and therefore the right of the other spouse to the custody of the child revives or attaches as against third persons, provided, of course, he or she is a suitable person. In other words, upon the death of one of the parties divorced by judicial decree, the divorce proceeding falls so far as concerns any further right to the custody of children."

The case of *LeClerc v. LeClerc*, 85 N. H. 121, 155 A. 249, 74 A. L. R. 1348, 1350, announces the rule as follows:

"When the joint rights of the parties were terminated by the death of the father, the problem of custody, so far as it concerned the divorce court, ceased to exist, just as the problem of divorce disappeared when the libelant died in the case of Kimball v. Kimball, supra. * * * The provisions for custody also were abated or expired by limitation."

In the case of *Hughes v. Bowen*, 193 Okla. 269, 143 P. (2d) 139, 140, the mother, to whom the custody of the child had been awarded in the divorce case, died, whereupon, the maternal grandmother moved the divorce court for an order awarding her the custody of the child. The following is from the opinion:

"However, the trial court on its own motion should have dismissed the proceedings for want of jurisdiction of the cause.

"Though the trial court in a divorce action has continuing jurisdiction over the custody and support of minor children even after final judgment in the action, 12 O. S. 1941 § 1277, when a party to the action dies the court's jurisdiction for all purposes ceases so far as the custody and control of the children are concerned. In 17 Am. Jur. 525, it is said that upon the death of one of the parties divorced by the judicial decree, the divorce proceeding falls so far as concerns any further right to the custody of the children.

"Upon the death of the parent into whose custody the children are placed by the decree of divorce, the children stand, with relation to the surviving parent and all the world, as if no decree of divorce had been entered. In such case the right to custody of the children inures automatically to the surviving parent. 74 A. L. R. 1353, annotation. It is there said by the annotator: 'The prevailing rule clearly

is, that, upon the death of the parent who has held custody under a divorce decree, the right to custody automatically inures to the surviving parent.' "

In the case of *Barry v. Sparks,* 306 Mass. 80, 27 N. E. (2d) 728, 128 A. L. R. 983, 987, we find: "But when such a decree has been entered, upon the death of one of the parents * * * the divorce decree ceases to have any further continuing effect."

In the case of *Rice v. Andrews,* 217 N. Y. S. 528, 533, 127 Misc. 826, the father, to whom the custody of the child was given in the divorce proceedings, died. The statute gave either spouse, or any person having the care and custody of the child, the right to petition the court for a modification of the decree. An application was made to modify the decree after the death of the father, and the court held, among other things, that the application to modify must be made while both parties are alive. The court said:

"It must be borne * * * in mind that the court has no inherent authority to modify its final judgment in this action. Any right it has along this line must be given it by the Legislature."

In the early case of *Weber v. Weber,* 16 Or. 163, 164, 17 P. 866, this court said "that the power to grant a divorce, and such other relief as is usually incident thereto, is purely statutory."

Again, in *State ex rel. v. Tolls,* 160 Or. 317, 323, 85 P. (2d) 366, 119 A. L. R. 1370, it was said by this court:

"The proceedings in a suit for divorce are purely statutory, and the powers which the court exercises are the mere creation of statute. The court is 'exercising a special power conferred upon it by statute, and not according to the course of common law.' "

In the case of *Zachary v. Zachary*, 155 Or. 346, 63 P. (2d) 1080, it was held that a person not a party to the divorce suit had no standing in court to request a modification of a divorce decree as to the custody of a child.

In the case of *Bryant v. Dukehart*, 106 Or. 359, 210 P. 454, this court held that where the mother having custody of the child under a divorce decree had died, the other parent becomes entitled to its custody, unless he has forfeited his parental rights, and the burden of proof to show that the surviving parent was not a fit person to have the custody and control of the child is upon the party asserting the unfitness.

The authority of the court to modify a decree as to the custody of a child is found in § 9-915, O. C. L. A., and then on motion of either party, which means either party to the law suit. When the mother died, as in the instant case, the husband was the only remaining party in the divorce case. He thereby *eo instanti* became entitled to the legal custody of his child. It was unnecessary for him to obtain a modification order from the court. Such a proceeding would be supererogatory as there would be no one to contest it since no outside party could be legally impleaded in the case.

To deprive the father of his legal and natural right to the custody of his child, it would be necessary for anyone challenging his unfitness to either bring a suit in equity to determine such matter, if that party had the actual custody of the child, or to bring a habeas corpus proceeding, should the child be in the custody of another. In a proper case a guardianship or dependency proceeding could be invoked.

Since the custody of such child was not legally awarded to petitioners in the divorce proceedings,

§ 63-402, O. C. L. A., relied on by petitioners, is of no help to petitioners, and the consent of the father not having been obtained, there can be no legal adoptive order.

The petition for rehearing is denied.