(No. 40543.-

Rebecca Elizabeth Greco *et al.,* Appellants, *vs.* The Chicago Foundlings Home *et al.,* Appellees.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

Luis Kutner, of Chicago, (Ernest Katin and Harry S. Miller, of counsel,) for appellants.

Hoffman & Davis, of Chicago, (David I. Hoffman, of counsel,) for appellees.

Mr. Justice House delivered the opinion of the court:

This is a *habeas corpus* action against respondents, The Chicago Foundlings Home and its administrator, Mavis M. Koopman, to obtain custody of an infant which had been surrendered to the Home with adoption rights. The circuit court of Cook County allowed respondents' motion to strike the amended petition for a writ of *habeas corpus* and for dismissal of the action. The appeal is properly directed to this court under our Rule 302(a)(3). 36 Ill.2d 103.

The three-month-old infant petitioner, designated Rebecca Elizabeth Greco, was obtained by the adult petitioners, Michael P. Greco and Jean V. Greco, from The Chicago Foundlings Home for the purpose of adoption on October 29, 1964. Two days later the child was examined by the family pediatrician and she was found to have a twisted ankle and a swollen left arm. In March, 1965, the pediatrician advised hospitalization of the infant because she manifested a failure to grow and had a bad heart or stomach. Upon the advice of a second pediatrician, she was hospitalized in Memorial Hospital of DuPage County until April 20, 1965. Petitioners were informed that, in the opinion of physicians, she was suffering several possible infirmities, including mental retardation. The administrator of the Foundlings Home, when advised of the situation, recommended that the infant be brought to the Home for more intensive care, which was done on April 20, 1965. The following day she was removed to Cook County Hospital. Apparently, she either recovered or the original prognosis was not borne out, since she was discharged as "well" on July 8, 1965, and returned to the Home.

The Grecos sought to regain the child, but the administrator refused and told them they could not again see her. On August 18, 1965, they were advised by letter that she was not available for adoption and that petitioners' home "was no longer licensed" for the care of the infant. A petition for adoption was filed in the circuit court of DuPage County and, upon refusal of consent to adoption by the Home, a motion to dismiss was sustained on July 27, 1966.

A writ of *habeas corpus* was then issued by the circuit court of Cook County upon a petition by the Grecos but upon motion the writ was quashed. Leave was granted to file an amended petition and a motion to strike the amended petition and dismiss the action with prejudice was sustained. This appeal followed.

Petitioners argue that they have an absolute right to a

writ on their petition and that upon a return, the court must proceed without delay to examine the reason why they have been denied custody of the infant. While *habeas corpus* has long been recognized as a proper remedy for determination of a dispute over custody of a child, (*Petition of Smith,* 13 Ill. 138; *Giacopelli* v. *The Florence Crittenton Home,* 16 Ill.2d 556,) we do not accept petitioners' thesis that *habeas corpus* takes precedence over any other remedy or that a petitioner is *per se* entitled to a hearing.

Petitioners cite *People ex rel. Frentz* v. *Frentz,* 256 Ill. App. 259, for the proposition that pending adoption proceedings must always yield to *habeas corpus.* That case is not applicable since the order of dismissal in the adoption proceeding in this case became final prior to the filing of the *habeas corpus* petition. It seems appropriate, nevertheless, to point out that such a doctrine is not adhered to by this court. In *People ex rel. Lehman* v. *Lehman,* 34 Ill.2d 286, we said: "When the only function to be performed by a writ of *habeas corpus* is to remove litigation from a court that already has jurisdiction of it, we see no reason to accord a conceptualistic supremacy to a *habeas corpus* action." (p. 295.) *Habeas corpus* is a proper remedy where the adoption court lacks jurisdiction, and a collateral attack upon an adoption order may be launched in a *habeas corpus* action where that order was void for want of jurisdiction. (*Zook* v. *Spannaus,* 34 Ill.2d 612.) The question, therefore, is whether the petition is sufficient.

The petition recites that an application agreement exists between the Grecos and the Home (which is not in the record) and that they were given physical custody of the child for the purpose of adoption upon execution of the agreement. They cared for the child until it was hospitalized and paid its medical expenses for the 18 days it was in Memorial Hospital. They relied upon the representation by the respondent administrator that the infant would be returned as soon as the cause of her illness was ascertained

and progress or a cure effected. They charge that the administrator bore a malicious personal animosity toward them and that they have never been informed of any reason for their disqualification as adoptive parents, that they are unfit or unsuitable adoptive parents or that it is contrary to the best interests of the child to reside with them. They allege that the child is now in good health and that she has been placed by respondents in another foster home for the purpose of adoption. They conclude by charging that respondents have abused their discretion by arbitrarily detaining the child and withholding final consent to adoption by them.

Section 8 of the Adoption Act of 1959, (Ill. Rev. Stat. chap. 4. par. 9.1—8(c),) provides for consent by the agency where, as here, the child has been surrendered for adoption to an agency, and section 1 (par. 9.1—1 H.(a),) provides for availability for adoption when "A child has been surrendered for adoption to an agency and to whose adoption such agency has thereafter consented." The purpose of this petition is to re-acquire custody, admittedly for the purpose of adoption, although petitioners concede that *habeas corpus* only determines the right to custody, not the right of adoption. The Home has refused its consent, which is a statutory prerequisite to adoption, and to award temporary custody of the child to petitioners when they are not to be permitted to adopt the child would be at best a useless gesture. The infant has now been placed in another foster home for the purpose of adoption and presumably the Home will, in due course, give its consent to the adoption by the present foster parents.

As between the petitioners and the Home, the latter has the paramount right to custody, actual or by temporary placement with prospective adoptive parents, by virtue of the parental surrender of the child to it with power of consent to adoption. Petitioners must show a *prima facie* legal

right to custody in order to invoke the aid of *habeas corpus.* (25 Am. Jur., Habeas Corpus, sec. 79.) Their right to custody must necessarily be based upon the temporary placement of the child with them by the Home since they are not related to the child and have no other claim of right. Temporary child placement does not carry with it an absolute consent to adoption. The statute provides that a child does not become available until the agency to which it has been surrendered gives its consent. While petitioners plead their right to custody under an agreement with the Home, they do not contend that the agreement constituted consent to adoption under the statute.

Finally, petitioners seek to have the courts go behind the refusal to consent in these words: "To permit an adoption agency to have complete discretion would permit infringement of the Constitutionally protected right of family privacy." Several cases from foreign jurisdictions are cited which tend toward the view that adoptive agencies may not act purely arbitrarily in withholding consent. It is unnecessary to a decision in this case to pursue this line of inquiry. Aside from some vague, veiled accusations against the respondent administrator of the Home and assertions that she bears personal animosity toward them, and general statements that respondents acted arbitrarily and capriciously, the allegations of the petition were insufficient to justify intervention by the court.

We find no error in the order of the circuit court of Cook County striking the petition and dismissing the action, and the judgment is affirmed.

*Judgment affirmed.*