(No. 41218.—

REBECCA ELIZABETH GRECO *et al.,* Appellants, *vs.* THE CHICAGO FOUNDLINGS HOME *et al.,* Appellees.

*Opinion filed September 24, 1968.*

LUIS KUSTER, of Chicago, (ERNEST KATIN and HARRY S. MILLER, of counsel,) for appellants.

HOFFMAN & DAVIS, of Chicago, (DAVID I. HOFFMAN and HARRY M. SCHAFFNER, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is a second *habeas corpus* action against the respondents, The Chicago Foundlings Home and its administrator, Mavis M. Koopman, to obtain custody of an infant which had been surrendered to the Home with adoption rights. The circuit court of Cook County sustained the respondents' motion to strike the petition and dismissed the

proceedings. The petitioners have now appealed, alleging error in the sustaining of the motion and the resulting dismissal without a hearing. The appeal is properly directed to this court under our Rule 302(a)(3).

The prior action involved essentially the same facts and called for a determination of whether the trial court acted properly in sustaining the respondents' motion to strike the petition for writ of *habeas corpus* and dismissing the proceedings. We affirmed the action of the trial court. *Greco* v. *The Chicago Foundlings Home,* 38 Ill.2d 289.

The three-month-old infant petitioner, designated Rebecca Elizabeth Greco, was obtained by the adult petitioners, Michael P. Greco and Jean V. Greco, from The Chicago Foundlings Home for the purpose of adoption on October 29, 1964. A short time thereafter, Rebecca was placed in the Memorial Hospital of Du Page County for medical treatment and later returned to the Home for more intensive care which was terminated and the child declared "well" on July 8, 1965.

The Grecos sought to regain the child, but they were advised by letter that she was not available for adoption and that petitioners' home was no longer licensed for the care of the infant. A petition for adoption was filed in the circuit court of Du Page County, and upon the Home's refusal to consent to the adoption, a motion to dismiss was sustained on July 27, 1966.

In the first case, we stated: "*Habeas corpus* is a proper remedy where the adoption court lacks jurisdiction, and a collateral attack upon an adoption order may be launched in a *habeas corpus* action where that order was void for want of jurisdiction." (38 Ill.2d 289, 291.) We then decided that the plaintiffs' petition was not sufficient to warrant relief. Nevertheless, the same plaintiffs file this second petition arguing that it is sufficient to warrant relief. They contend that our former opinion indicated that a petition for a writ of *habeas corpus* would be sufficient if it (a) con-

stitutes a collateral challenge to the jurisdiction of an order by the circuit court, and (b) alleges specifically that the respondent had acted arbitrarily in withholding its consent. They argue that facts have now been pleaded which comply with our alleged procedural guideline set out above.

This is predicated upon the theory that the doctrine of *res judicata* does not apply because our former opinion only decided a question of law without making any findings. (Citing 39 C.J.S. *Habeas Corpus,* sec. 45b (1944).) We need only point out that our former decision was based upon a finding that the appellants' petition was insufficient.

We are of the opinion that our prior decision is determinative of the issues here presented. No new facts are alleged which call for a different opinion. The failure of their petition for writ of *habeas corpus* to allege any substantial change in circumstances subsequent to the last action between these parties necessarily calls for the application of the doctrine of *res judicata* as a bar to the present action. *People ex rel. Fahey* v. *Burr,* 316 Ill. 166.

We find no error in the order of the circuit court of Cook County striking the petition and dismissing the action, and the judgment is affirmed.

*Judgment affirmed.*