## SPRADLING v. HUDSON, District Judge.

No. 5590. Opinion Filed February 2, 1915.

Rehearing denied March 2, 1915.

(146 Pac. 588.)

1. PROHIBITION—Grounds—Existence of Other Remedy. Where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal lies from the orders of said court therein to the Supreme Court, prohibition will not lie, though said court may make an erroneous application of the law in the determination of said cause.

2. PROHIBITION—Grounds—Existence of Other Remedy—Allowance of Alimony. Where a district court in a suit for divorce and alimony makes an allowance of alimony pendente lite and attorney's fees, and grants a temporary injunction restraining the

defendant from incumbering or alienating his property, prohibition will not lie to prevent the enforcement of such orders, as an appeal will lie from both orders, and supersedeas may be had by giving bond as authorized by law

(Syllabus by the Court)

Original proceeding for writ of prohibition by S. S. Spradling against R. H. Hudson, Judge of the District Court of Osage County, Okla. Writ denied.

*Leahy & MacDonald* and *D. B. Horsley,* for petitioner.

*R. B. Boone,* and *Murphey, Noffsinger & Broome,* for respondent.

HARDY, J. On the 10th day of March, 1913, Nannie Spradling filed her petition in the district court of Osage county, Okla., against the petitioner, S. S. Spradling, as defendant, alleging that she had theretofore, on the ———— day of ————, 19—, obtained a decree of divorce in the Wolf circuit court of Kentucky, upon constructive service, which decree also awarded to her the custody of her minor children, and further alleging that during their married life she had advanced to the defendant from her separate estate $2,000 in money; and she prays that the Kentucky decree be affirmed, and that the court award to her such share in the defendant's property as might be equitable and just, and for an injunction restraining the defendant from incumbering or disposing of his property, and praying the court to make provision for the support and care of said minor children, and that she be allowed a reasonable amount per month as alimony and $200 for attorney's fees and expenses in prosecuting the suit, and that she have judgment against the defendant for the said sum of $2,000 advanced by her. On the 10th day of March, 1913, the said Nannie Spradling filed in said court her motion for alimony *pendente lite,* and on said 10th day of March, 1913, the respondent, R. H. Hudson, as judge of the district court of Osage county, made an order requiring the defendant to pay to

the plaintiff in said suit for her alimony and support the sum of $50 per month, and $100 for attorney's fees, and $10 for court costs; and also on said date made an order allowing a temporary injunction restraining the defendant therein from incumbering or disposing of any of his property, real or personal, until the further order of the court. On March 12, 1913, defendant filed his motion to set aside said order allowing alimony and granting a temporary injunction, and various other steps were taken in the progress of said cause; and on the 21st day of June, 1913, the district court of Osage county made an order for an additional allowance of suit money, in the sum of $250.

Petitioner questions the right of respondent, as the judge of the district court of Osage county, to entertain jurisdiction of said cause and proceed to a determination thereof, for the reason that the judgment of the Wolf circuit court of Kentucky, as he contends, is conclusive of the rights of the parties therein.

It is a well-settled rule in this state that, where an inferior court has jurisdiction of the subject-matter and of the parties, and where an appeal will lie from the order or judgment of the court in said cause to the Supreme Court, pending which appeal such order may be superseded, a writ of prohibition will not lie, even though such court may make an erroneous application of the law to the facts therein. *Pioneer Telephone & Telegraph Company v. City of Bartlesville*, 27 Okla. 214, 111 Pac. 207.

The writ of prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law may be availed of by the party complaining. *Morrison v. Brown, Judge*, 26 Okla. 201, 109 Pac. 237; *Herndon v. Hammond, County Judge*, 28 Okla. 616, 115 Pac. 775; *Ex parte Oklahoma*, 220 U. S. 191, 31 Sup. Ct. 426, 55 L. Ed. 431; *State v. Huston*, 27 Okla. 606, 113 Pac. 190, 34 L. R. A. (N. S.) 380.

To grant the writ prayed for we must hold that the district court of Osage county had no jurisdiction of the parties or the subject-matter of this action. By the provisions of article 18, c. 60, Rev. Laws 1910, entitled "Divorce and Alimony," the district court is given jurisdiction of actions for divorce and alimony, or for alimony alone. Whether the proposition urged by petitioner that the judgment of the Kentucky court would be a complete bar to plaintiff's right of action is a question which the district court of Osage county had jurisdiction to try and determine, and in the hearing of the matters alleged in plaintiff's petition had jurisdiction and authority to make such orders as in its judgment were necessary and proper under the showing made; and, if that court should reach an erroneous conclusion as to the law, or make any other order in the progress of said cause that would not be warranted by the evidence, same could be reviewed in this court on appeal; and this is true as to the order allowing temporary alimony and suit money, and the temporary injunction restraining the petitioner from incumbering or disposing of his property.

In *Pioneer Telephone & Telegraph Co. v. City of Bartlesville, supra,* the district court of Washington county issued an injunction restraining the said telephone and telegraph company from collecting certain rates put in force in said city by said company, and the company applied to this court for a writ of prohibition upon the ground that the district court of Washington county was without jurisdiction to issue the temporary injunction. The writ was refused, for the reason that an appeal would lie from the order granting said temporary injunction, and that such order might also be superseded by sufficient undertaking pending appeal. The order allowing temporary alimony and suit money cannot be reviewed prior to the final determination of the action for divorce, but such order may be reviewed on appeal after the final disposition of said cause. *State ex rel. v. Cullison,* Judge, 31 Okla. 187, 120 Pac. 660.

The district court of Osage county having jurisdiction of the parties and of the subject-matter of the suit, and having jurisdiction to make such orders as may be necessary or proper in the trial and disposition of said matter, and the question as to the effect and conclusiveness of the judgment of the Wolf circuit court of Kentucky being one which said court has a right to hear and determine, and petitioner herein having the right to review said proceeding in this court on appeal, and having had the right to appeal from the order granting the temporary injunction, and also from the order allowing temporary alimony and suit money, and having failed to prosecute an appeal from either of said orders, he cannot substitute a writ of prohibition for the ordinary remedies which the law afforded him, and of which he has neglected to avail himself.

The writ will be denied.

All the Justices concur.