**CHEYNE et al. v. COUNTY COURT OF CRAIG COUNTY.**

No. 6187—Opinion Filed Feb. 12, 1918.

(171 Pac. 19.)

**Prohibition — Administration of Estate — Remedy at Law.**

Where a county court of this state assumes jurisdiction to administer upon an estate, and the petition therefor shows upon its face that such county court has jurisdiction to administer such estate, held, that a writ of prohibition sought by an administrator appointed by a county court in another county seeking to prohibit such administrator from administering upon said estate will not lie for the reason that the action of the county court in assuming jurisdiction to administer upon such estate may be reviewed and corrected on appeal, unless it be made to appear by the pleadings and proof that an irreparable injury would result on account of the delay necessarily incurred by an appeal, or that an intolerable conflict had arisen which could not be remedied by appeal.

(Syllabus by West, C.)

Error from District Court, Craig County; Preston, S. Davis, Judge.

Prohibition by John B. Cheyne, administrator of the estate of James Welch, deceased, and Maud Welch, a minor, by John A. Daniels, her guardian, against the County Court of Craig County, and S. W. Parks, County Judge of Craig County, Okla., and others. Demurrer to petition sustained, and plaintiff bring error. Affirmed.

Riddle, Bennett & Mitchell, F. D. Adams, and A. C. Towne, for plaintiffs in error.

Davenport & Rye, for defendants in error.

Opinion by WEST, C. This cause was begun in the district court of Craig county, Okla., on the 15th day of December, 1913, by John S. Cheyne, administrator of the estate of James Welch, deceased, and Maud Welch, a minor, and sole heir at law of James Welch, deceased, by John A. Daniels, her guardian, plaintiffs in error, plaintiffs below, against the county court of Craig county, S. F. Parks, county judge of Craig county, and E. D. Ficklin, defendants in error, defendants below, for writ of prohibition, to prohibit the said defendants from administering upon the estate of the said James Welch, deceased. The parties will hereinafter be designated as in the court below.

It appears that the said James Welch, deceased, died in Vinita, Craig county, Okla., on or about the 26th day of July, 1913; that on said date there was filed by Helen Welch, claiming to be the widow of the said James Welch, deceased, a petition in the county court of Craig county, praying that letters of administration be granted on his estate. On the same day there was filed in the county court of Ottawa county a petition asking for letters of administration to be granted on the estate of the said James Welch, deceased, by W. A. Waggoner, who claimed to be a creditor of said estate, and in this petition Maud Welch, a minor, residing at Miami in Ottawa county, was alleged to be the only heir at law of said James Welch, deceased. The county court of both counties undertook to assume jurisdiction, the petition in both instances stated a prima facie case, and alleged facts which, if true, would entitle either county to administer upon said estate. Both counties assumed jurisdiction of the respective petitions, gave notice, and appointed administrators. It is argued in the brief that the petition in Ottawa county was filed first, and that therefore, that county had exclusive jurisdiction to act until it was shown that said court was without jurisdiction. Both petitions were filed on the same day, but which petition was filed first is not made to appear by the record before us. On the 11th day of August, 1913, the county court of Craig county appointed the defendant E. D. Ficklin as administrator of the estate of James Welch, deceased, who on said day qualified as such administrator; and on the 14th day of August the county court of Ottawa county appointed the plaintiff John S.

Cheyne administrator of the estate of James Welch, deceased. On the 15th day of December the district court of Craig county issued an order against the defendants to show cause why a writ of prohibition should not issue. In response to said petition defendants filed a demurrer, which, omitting the formal parts, was as follows:

"Now come the said county court of Craig county, S. F. Parks, county judge of Craig county, Okla., and E. D. Ficklin, who are named as defendants in the petition heretofore filed in the case, and in response to the notice given to them under and in pursuance of the order of the said district court made in this case on the 15th day of December, 1913, required of them that they show cause if any they can, why an alternative writ of prohibition should not be issued against them, say:

· "(1) That it appears upon the face of the said petition that the said county court of Craig county had full and complete jurisdiction of the subject-matter of the appointment of an administrator of the estate of James Welch, deceased.

"(2) That it appears upon the face of the said petition that the said county court of Craig county had at that time mentioned in the said petition when it took jurisdiction of the matter of the administration of the sad estate of the said James Welch, deceased, and before and at all times since full and complete and exclusive jurisdiction of the subject-matter of the administration in probate matters in said Craig county, and the said petitioners had a perfect, complete, and adequate remedy at law for the correcting of any error or irregularities committed by the said court in the exercise of its jurisdiction, and are not entitled to remedy prayed for by their petition.

"(3) The said petition does not state facts sufficient to constitute any cause of action, does not state facts sufficient to show themselves entitled to have issued against the said defendants an alternative writ of prohibition, or against any of the said defendants, and does not state facts sufficient to show that plaintiffs are entitled to any writ or order of prohibition against the said defendants or against any of them."

This demurrer was sustained by the court, and thereupon plaintiffs declined to plead further, elected to stand upon their petition, and the action of the trial court in sustaining said demurrer is brought here to review. This appeal being taken upon transcript, we are to look only to such errors as appear upon the face of the petition, proceedings, return, and pleadings subsequent thereto, reports, orders, and judgments. In case of Spradling v. Hudson, 45 Okla. 767, 146 Pac. 588, this court in the first paragraph of the syllabus lays down the following rule:

"Where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal lies from the orders of said court therein to the Supreme Court, prohibition will not lie, though said court may make erroneous application of the law in the determination of said cause."

In case of State ex rel. Mose et al. v. District Court of Marshall County et al., 46 Okla. 654, 149 Pac. 240, the first and second paragraphs of the syllabus are as follows:

"1. Prohibition, being an extraordinary remedy, cannot be resorted to when ordinary and usual remedies provided by law are available.

"2. The writ will not be awarded on account of inconvenience, expense, or delay, nor for the reason that the applicants may not be able to secure a supersedeas bond."

In the body of the opinion the court uses the following language:

"The language here used is plain and cannot be misunderstood. If the applicant for a writ of prohibition has a remedy by appeal, the writ [of prohibition] will not issue. That is the settled rule and doctrine of this court. There is no question but what an appeal from a decree of partition lies from the district court to this court, nor does the right to appeal depend upon the giving of a supersedeas bond. The object and effect of the bond is simply to stay execution—nothing more. Besides, if the decree of partition should be without authority and not within the jurisdiction of the court, it would simply be a nullity and void. The purchaser at the sheriff's sale, if it should go to that extent, would have notice of the appeal, and therefore could not be an innocent or protected purchaser. In a recent case, not yet officially published. Justice Hardy, speaking for the court upon the question of the issuance and use of the writ of prohibition, says: 'It is a well-settled rule in this state that where an inferior court has jurisdiction of the subject-matter and of the parties, and where an appeal will lie from the order or judgment of the court in said cause to the Supreme Court, pending which appeal such order may be superseded, a writ of prohibition will not lie, even though such court may make an erroneous application of the law to the facts therein.' In Spradling v. Hudson, Judge (No. 5590) 45 Okla. 767, 146 Pac. 588; 'The writ of prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law may be availed of by the party complaining.' Morrison v. Brown, Judge, 26 Okla. 201, 109 Pac. 237; Herndon v. Hammond. County Judge, 28 Okla. 616, 115 Pac. 775; Ex parte Oklahoma, 220 U. S. 191. 31 Sup. Ct. 426, 55 L. Ed. 431; State v. Huston, 27 Okla. 606, 113 Pac. 190, 34 L. R. A. (N. S.) 34)'"

High on Extraordinary Remedies, § 770 uses the following language:

"It is a principle of universal application which lies at the very foundation of law of prohibition that the jurisdiction to issue is strictly confined to cases where no other remedy exists and a sufficient reason for withholding the writ is that the party aggrieved has another and complete remedy at law."

In the case of Goodwyn, Judge, et al. v. State ex rel. Wakefield, et al., 145 Ala. 536, 40 South. 122, the court uses the following language.

"Prohibition is an extraordinary writ, only to be resorted to when its exercise is necessary to give a general superintendence and control of inferior jurisdiction; never to be resorted to except in cases of usurpation and abuse of powers and not then unless other remedies are ineffectual to meet the exigencies of the case."

In case of Drummond v. Drummond et al., 49 Okla. 649, 154 Pac. 514, the second paragraph of the syllabus is as follows:

"Where a husband commenced action for divorce against his wife in the district court of a county, and thereupon said wife commenced action for divorce and incidental relief against him in the district court of another county, and it does not appear that there is or will be any sharp and intolerable conflict of jurisdiction between said courts against which there is no adequate remedy at law, the writ of prohibition will not issue to prevent the latter court from exercising jurisdiction."

Section 6511, Rev. Laws 1910, is as follows:

"6511. Appeal Does Not Stay Issue of Letters.—An appeal from the decree or order admitting a will to probate, or granting letters testamentary, or letters of administration, does not stay the issuing of letters, where, in the opinion of the county judge, manifested by an entry upon the minutes of the court, the preservation of the estate requires that such letters should issue. But the letters so issued do not confer power to sell real property by virtue of any provision in the will, or to pay or satisfy legacies or to distribute the property of the decedent among the next of kin, until the final determination of the appeal."

It will appear by the provision of the above statute that where the right of a court to administer upon an estate or issue letters is in controversy, and an appeal is taken from the action of the court in assuming jurisdiction that no letters will issue unless an entry is made upon the minutes by the court finding that it is necessary to issue the letters in order to preserve the estate, but the letters so issued do not confer power upon such administrator to sell such property, or to pay or satisfy legacies, or to dispose of the property of the decedent until the final determination of the appeal.

Section 6521, Rev. Laws 1910, is as follows:

"6521. Reversal for Error Does Not Affect Lawful Acts.—When the order or decree appointing an executor, or administrator, or guardian, is reversed on appeal for error, and not for want of jurisdiction of the court, all lawful acts in administration upon the estate, performed by such executor, or administrator or guardian, if he have qualified, are as valid as if such order or decree had been affirmed."

It would appear from the reading of this section that were an appeal is taken from the action of a court in assuming jurisdiction, and upon appeal it is found that the court is without jurisdiction in administer the estate, then all acts performed by such administrator would be void and of no effect. It would therefore appear from the settled law in this jurisdiction that in the instant case the plaintiffs should be denied the writ of prohibition as they have a full and complete remedy at law. The action of the county court of Craig county in appointing an administrator and issuing letters testamentary in the matter of the estate of James Welch, deceased, is subject to review on appeal to the district court, and then from the district court to the Supreme Court; and if the facts disclose that the county court of Craig county had no jurisdiction to appoint said administrator, then its action is subject to review and correction by appeal; and if it is found upon appeal that the county court had no jurisdiction to appoint an administrator, then any act performed by such administrator would be void and of no effect.

From the record of the transcript before us the petition filed by Helen Welch in the county court of Craig county praying for letters testamentary upon the estate of James Welch, deceased, a copy of which is attached by plaintiffs to their petition for writ of prohibition, clearly shows jurisdiction in the county court of Craig county to administer upon this estate. The evidence which the court considered in acting upon said petition is not before us. It is true that both counties could not administer upon this estate at the same time. It is true that one of the counties has jurisdiction to administer upon this estate perhaps, and the other has not. If the County court of Craig county assumed jurisdiction to admin-

ister this estate, wrongfully finding the residence of decedent to be in said county at the time of his death, then its action is subject to review and correction on appeal. The action of both counties in assuming jurisdiction to administer upon this estate may be reviewed upon appeal; and from the record before us it clearly appears from the law announced in the foregoing cases that the plaintiffs in error upon the showing made are not entitled to a writ of prohibition, and that the trial court below was correct in sustaining the demurrer to the petition.

A condition might arise where the interested parties were cut off from their right to test by appeal the action of the county court in assuming to administer upon an estate which clearly had no jurisdiction to act, and it might present a condition where an intolerable conflict would arise between two county courts in assuming to administer upon a particular estate, and the right to test this by appeal was lost owing to lapse of time, and which might be made to appear that irreparable injury would result on account of the delay necessarily incurred by an appeal, and thus present a condition where the court might be justified in issuing the writ, but the instant case does not present such condition.

Finding no error in the action of the court below in sustaining the demurrer to the petition of plaintiffs for writ of prohibition, cause is affirmed.

By the Court: It is so ordered.