No. 31,351

O. E. McBath (The Constitution Indemnity Company, Intervener), *Appellees,* v. The Loose-Wiles Biscuit Company, *Appellant.*

(46 P. 2d 624)

Opinion filed July 6, 1935.

*John W. Davis,* of Dodge City, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This appeal presents for review an order of the trial court overruling the motion of defendant to strike from the files the intervening petition of the Constitution Indemnity Company.

The main action was brought by McBath against the Loose-Wiles Biscuit Company. McBath pleaded the facts and circumstances incident to an automobile accident in which an automobile driven by an agent of the biscuit company collided with the automobile driven by McBath. McBath concluded his petition with the following:

"The plaintiff makes no claim against the defendant for damages caused to the plaintiff's car, for the reason that the same has been paid to the plaintiff by the insurance company [intervener] with whom he carries insurance."

The defendant paid McBath $1,500 in settlement of his claims. The settlement was evidenced by stipulations filed April 13, 1931, which provided also for dismissal of the action at the cost of the plaintiff.

Prior thereto and on September 18, 1930, the Constitution Indemnity Company filed its petition for leave to intervene and its plea as intervener. The intervener adopted the allegations of McBath's petition as to the negligence of defendant; alleged that it had insured McBath against loss by reason of damage to his automobile caused by collision; that the policy contained a subrogation agreement whereby McBath assigned all right of recovery against any party for damages to the extent payment therefor should be made to McBath by this intervener. The intervener further alleged that pursuant to the terms of the policy it had reimbursed McBath for the damage to his automobile in the amount of $813.55, and it prayed judgment against defendant in that amount.

The defendant first filed an answer to the intervening petition, but later the court granted its request to have the answer withdrawn. The defendant then moved the court to strike from the files the intervening petition on the ground the matter pleaded was not involved in the pending action and was not related to, nor did it form a part of, the cause of action in the main case. The motion was overruled, and defendant appeals.

The defendant cites R. S. 60-417, and points out that no real or personal property was involved in the action. It is argued also that the intervener would neither gain nor lose by the effect of any judgment between McBath and defendant. We are of the opinion the intervening petition was properly allowed. Technically it may not have been proper under the above section, but consideration should be given to other statutes, such as those providing for joinder and substitution of parties, for interpleader and the like, and to the purpose and spirit of the code and the disposition of courts to favor final settlement of controversies and to prevent multiplicity of suits.

In 20 R. C. L. 684 it is said:

"And in addition to the statutes authorizing intervention, code and general statutory provisions exist in some states which, without expressly conferring the right to intervene, indicate a purpose to authorize and require the court to

bring before it all persons necessary to a complete determination of the matters involved and to the granting of all the relief appropriate to such determination, and these statutes have been so liberally construed as to cause the courts to permit proceedings which, while not strictly speaking intervention, accomplish substantially the same result."

And on page 686 the following:

"Persons entitled to subrogation to a right or cause of action should, at least in equity, be treated as the owners thereof, and as such entitled to intervene for the purpose of assisting the persons to whose interest they are subrogated or of taking such other action as may be essential to protect their right. And while privies may intervene, as is hereafter shown, intervention is sustained, though the party seeking that remedy is not in privity with any of the original parties, and the judgment in the original proceeding, had it been rendered in his absence, could not have operated directly, either for his loss or gain." (See, also, 123 A. S. R. 298 *et seq.*)

In *Beren v. Marshall Oil & Gas Corp.*, 122 Kan. 134, 251 Pac. 192, it was said that—

"Intervention may in many situations be allowed without express statutory authority, in the discretion of the court." (p. 135.)

See, also, *Gibson v. Ferrell*, 77 Kan. 454, 94 Pac. 783.

The court had before it the subject matter of the action. Any evidence that would have been pertinent and competent to establish McBath's right of recovery for personal injuries would have been equally pertinent and competent to establish intervener's right of recovery. It was in the interests of economy of time and money to permit the intervention.

The judgment is affirmed.