Argued January 6; affirmed January 12, 1937

## ZACHARY *v.* ZACHARY ET AL.

(63 P. (2d) 1080)

In Banc.

*F. H. Greenman,* of Portland, for appellants.

No appearance for respondent.

CAMPBELL, J. On May 16, 1931, plaintiff, Bernice Zachary, filed in the circuit court for Multnomah county, a suit for the dissolution of the marriage contract then existing between herself and defendant, Lloyd R. Zachary, alleging as the basis thereof, wilful desertion by defendant for the period of more than one year. She asked for the custody of Rosalie Eleanor Zachary, then five years of age, being the only issue of said marriage. Defendant defaulted and a decree was entered in favor of the plaintiff. It appears that during the pendency of the suit the child was a ward of the court of domestic relations, and in the decree of divorce the court left the child in the custody of the said court.

On December 10, 1935, Maude Zachary, as relator and the paternal grandmother of said minor child, filed a motion in said court, asking that the decree be modified so as to award her—the relator—the custody of said child. Her affidavit in support of said motion shows that the child had lived with her for the greater part of the time since the divorce was granted and was then in her custody. This motion was further supported by several affidavits, among which was one made by defendant, Lloyd R. Zachary.

Plaintiff opposed the motion and asked that the child be awarded to her, and in support thereof filed several affidavits of persons showing that she was a person of good character and a person fit to have the custody of her minor child. When the cause came on for hearing, on January 20, 1936, the parties, through their respective attorneys, entered into the following stipulation:

"It is hereby agreed by Bradley Ewers, attorney for the plaintiff, and F. H. Greenman, attorney for defendant, that this court be and it is hereby requested

to have an investigation made by some probation officer on its staff, said investigation together with any testimony received at the trial and any other legal evidence to be taken into consideration by the court on passing on the aforesaid motion, this investigation to be conducted generally in accordance with the provision of Rule 11 of the Department of Domestic Relations.''

It further appears that the court, in pursuance to said stipulation, appointed one of the probation officers, connected with said court, to investigate the matter, and thereafter on the 17th day of March, 1936, made the following order:

''This matter coming on at this time for trial for a modification of the decree and the plaintiff being represented by her attorneys, Ewers & Jensen, and the defendant being represented by his attorney, F. H. Greenman, and the court having read the affidavits on file herein and having duly tried the issues between the plaintiff and defendant and now being advised in the premises, makes the following order, to-wit:

It Is Therefore Considered, Ordered and Decreed that the care, custody and control of Rosalie Eleanor Zachary be and the same is hereby awarded to the defendant subject however, to the plaintiff having the care, custody and control of said minor child every other weekend hereafter, said child to be delivered to the plaintiff on Friday after school and remain with her and under her direction and control until Sunday evening at 6:00 and that after the school period for the spring term of 1936 has expired then and in that event, the plaintiff shall have the permanent care, custody and control of said minor child during the summer vacation period during said vacation period, the defendant shall have the care, custody and control of said child during every other weekend in said period beginning on Friday at 3:00 and extending until Sunday at 6:00 p. m. until the further orders of this court.''

On March 24, 1936, the defendant and his mother, the relator, Maude Zachary, filed a motion to set aside and vacate said decree as modified. The record does not disclose that said motion has ever been passed upon by the court.

Maude Zachary and Lloyd R. Zachary appeal from the order modifying the original decree of divorce, claiming that they had no opportunity to be heard and that the report of the probation officer of the court had not been filed in the cause.

■ The relator was not a party to the divorce suit and therefore had no standing in court to request the modification of the divorce decree.

"At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have the power to set aside, alter or modify so much of the decree as may provide for the appointment of trustees for the care and custody of minor children, * * *" Oregon Code 1930, § 6-915.

There is nothing in the motion or affidavit filed by the so-called relator showing or tending to show that the minor child Rosalie Eleanor Zachary was a dependent, delinquent or neglected child. Her motion was not filed under the statute relating to delinquent or dependent children: Oregon Code 1930, § 33-601, et seq. However, the defendant supported the motion of the relator by his affidavit and we might consider it as a motion by defendant.

This is the only record before the court. It will be observed that the decree of the court recites:

"This matter coming on at this time for trial for a modification of the decree and the plaintiff being represented by her attorneys, Ewers & Jensen, and the defendant being represented by his attorney, F. H. Greenman, and the Court having read the affidavits on file

herein and having duly tried the issues between the plaintiff and defendant and now being advised in the premises, makes the following order, to-wit: * * *''

In the absence of a record to the contrary, we must presume that the decree recites the facts and that the parties did have a hearing. The parties stipulated that the court might make an independent investigation and take such investigation into consideration in passing upon the motion. This, the court evidently did. The several affidavits in support of the countermotion, if the court believed them, abundantly support the court's action in the matter independent of the investigation.

The decree of the lower court will be affirmed. It is so ordered.