No. 36,769

VIRGINIA CADWELL, Plaintiff, v. WILLIAM C. CADWELL (Defendant), *Appellant*, and FLORENCE WORKMAN (Intervenor), *Appellee*.

(178 P. 2d 266)

Opinion filed March 8, 1947.

*Glenn T. Crossan*, of Independence, argued the cause, and *Wallace Carpenter*, of Independence, was with him on the briefs for the appellant.

*C. E. Pile*, of Parsons, was on the briefs for appellee Workman.

The opinion of the court was delivered by

WEDELL, J.: This was an action for divorce and related relief.

No issues have been joined in that action and it remains wholly untried.

The defendant husband appeals from (1) an order overruling his motion to strike from the files a pleading denominated "Affidavit and Petition of Intervention" filed by plaintiff's mother; (2) from the order overruling defendant's demurrer to the intervening petition; and (3) from an order granting intervenor leave to file an amended affidavit and petition of intervention after defendant's demurrer was overruled.

The plaintiff sought a divorce on the alleged grounds of extreme cruelty and gross neglect of duty. She also sought the care, custody and control of a four-year-old son, *a division of the real and personal property, temporary and permanent alimony*, attorney fees, costs and other relief that might seem proper. The real property consisted of an undivided equity in a quarter section of land. The personal property consisted of household goods and furnishings, certain farming equipment, some cattle and horses, an automobile and a one-third interest in certain crops. The petition alleged the interest in the real property and the personal property was accumulated in the course of the marriage and that plaintiff and defendant were the owners of the personal property.

In a general way it may be stated the petition of intervention alleged intervenor had furnished plaintiff and defendant with sums of money from time to time; that she was the owner of certain items of the personal property and the equitable owner of the land described in plaintiff's petition.

The grounds of appellant's motion now relied upon to strike the intervening petition were: Lack of authority to file the petition; the court lacked jurisdiction to hear the intervenor; the intervenor was not a proper party; defendant had no notice of the filing of intervenor's petition; the intervention would clutter up the record, prevent an issue being reached in the case, uselessly complicate the issues and present an intolerable burden to the defendant in the divorce case.

The grounds of appellant's demurrer to the petition of intervention were that: 1. The court had no jurisdiction of the subject of the action. 2. The intervenor had no legal capacity to sue as intervenor. 3. Several causes of action were improperly joined. 4. The affidavit and petition of intervention did not state facts sufficient to constitute a cause of action.

The motion and demurrer were overruled. No answer having been filed appellee, notwithstanding the demurrer to her petition was overruled, asked and obtained leave over appellant's objection to file an amended petition of intervention. She was allowed ten days within which to file such amended pleading. We are informed that pleading has been filed.

As previously stated, appellant appeals from the three adverse rulings.

Before considering the appeal on its merits we are confronted with the motion of appellee to dismiss the appeal for the alleged reasons the orders complained of are not appealable and that the issues presented are moot.

Counsel for appellant concedes ground four of the demurrer is probably not reviewable now. He, however, contends he is entitled to a review of the trial court's ruling on the right of a third party to intervene in a divorce action, on the question of the court's jurisdiction of the subject of intervenor's petition and whether several causes of action are properly joined. It is clear a pleading may be attacked by demurrer upon the two grounds last mentioned (G. S. 1935, 60-705) and the ruling thereon constitutes a final and appealable order. (G.S. 1935, 60-3302; 60-3303.) Of course, the court had no jurisdiction of the subject matter, intervenor's claim to the property involved, if a third party is prevented as a matter of law from intervening. On the other hand, if the court has power, statutory or discretionary, to consider the claim of a third party in and to the property sought to be divided by the parties to a divorce action, then the court acquired jurisdiction of the subject matter.

The fundamental question presented, whether considered from the standpoint of the motion to strike or the demurrer, is therefore, whether intervention lies in a divorce action. Ordinarily a third person has no legal interest in or right to interfere with a divorce action for the purpose of opposing the granting of a decree of divorce. The dissolution of the marital relation ordinarily concerns only the parties thereto. (*Howell* v. *Heriff*, 87 Kan. 389, 124 Pac. 168.) The right of the state to intervene is not here involved.

But what about the power of a court in a divorce action to consider the claim of a third party in and to the property sought to be divided between the parties to a divorce action? In the case of *Rumsey* v. *Rumsey*, 150 Kan. 49, 90 P. 2d 1093, an action for alimony without divorce, a third party was granted leave to inter-

vene to claim an interest in the property involved. Plaintiff in her answer to the intervenor's petition alleged the latter acquired the property with full knowledge of the fraudulent intent of her husband and another person to deprive her of the property. It, however, appears the right to intervene was not questioned in the case. While the decision, therefore, cannot be said to be determinative of the question here at issue, the case clearly illustrates the frequent need of a third person becoming a party to the action by intervention or otherwise. This case exemplifies numerous cases from other jurisdictions in which the right to intervene was allowed without being questioned.

Except for a few scattered decisions which seem to limit, under certain circumstances, the right of a court to consider the claim of a third party in and to such property, it is generally held third parties are proper parties for that particular purpose in a divorce action. In 27 C. J. S., Divorce, § 91, it is said:

> "Ordinarily a third person cannot intervene in a suit for divorce for the purpose of opposing the granting of a decree, although to secure justice third persons have been allowed to intervene. Where property rights are involved in divorce proceedings, it is generally held, however, that a third person, whose interests may be adversely affected, may intervene, and it has been held that one whose property interests are involved in the proceedings can be heard only by way of intervention. Under such circumstances, the intervenor takes the case as he finds it and cannot interfere with the principal litigants."

In *Elms v. Elms,* 4 Cal. 2d 681, 52 P. 2d. 223, 102 A. L. R. 811, it was held:

> "In an action for divorce the court not only severs the marital tie, but divides the community property and makes provision for the support of the wife; and either party to the action may bring in third parties who claim an interest in property alleged to be community, and adjudicate the claims of such parties in the divorce action; and if neither party to the divorce action names as defendants the third parties who claim rights in property alleged to be community, such third parties may themselves intervene in the divorce action and establish their rights.
>
> "When one of the parties to an action for divorce alleges that certain real property is community property, and third parties seek to intervene claiming an interest in said property against the spouses, the fact that said third parties may protect their interests by bringing a separate action does not defeat their right to intervene.
>
> "If reasons exist why the marriage bonds should be severed promptly before an adjudication of property rights can be had, it is within the discretion of the court to grant the divorce, reserving the question of property rights for subsequent adjudication; and intervention should not be denied on the ground

that undue delay will result from taking cognizance of the claims of third parties to property alleged to be community." (Syl. ¶¶ 1, 3, 4.) .

See, also, 20 R. C. L., Parties, § 26, and an excellent annotation following the Elms case in 102 A. L. R. 811, 814, in which numerous cases are reviewed and the reasons for concluding such third parties are proper, if not necessary, parties, are fully discussed.

A decree of alimony rendered at the time a divorce is granted is a finality. All of the property involved, and nothing more, might be awarded to a wife as alimony in a divorce or alimony action. If thereafter some third party brought a separate and independent action against her and succeeded in establishing an equity in such property, or in having it all set aside to him as his own, the wife would be stripped of all alimony. Had the court been advised of the rights of such third party in and to such property at the time it rendered the alimony judgment it manifestly would have made other provisions for the wife. Various other examples indicating the importance of the rights to intervene may be found in the annotation in 102 A. L. R. 814.

We need not here determine whether under the broad provisions of our civil code such as G. S. 1935, 60-411, 60-412, pertaining to the joinder of parties claiming an interest in property, such parties may not also be made parties defendant in the action. Under the numerous authorities cited in the above annotation from A. L. R. it is clear that if such parties are not made parties defendant they generally have a right to intervene. The precise procedure to be adopted with respect to the trial of the divorce action and the adjudication of the property rights rests in the sound judicial discretion of the trial court. Its discretion should be exercised in such manner as will least interfere with the orderly and efficient trial of the divorce action.

Our intervention statute, G. S. 1935, 60-417, provides:

"When in an action for the recovery of real or personal property any person having an interest in the property applies to be made a party, the court or judge may order it to be done."

Appellant contends this statute limits the right of intervention to an action brought ". . . for the *recovery* of real or personal property. . . ." (Our italics.) He insists plaintiff's action, insofar as the property issue was concerned, was not one for the recovery of property but for a *division* of the property of the spouses between them. We agree with appellant's contention relative to

the nature of plaintiff's action but disagree that the right of intervention is limited to the particular kind of case authorized by the statute. In other words, the statute expressly authorizes intervention in the kind of case therein mentioned. It does not, however, deny the right to intervene in all other actions. There are many situations in which reason dictates and the prevention of multiplicity of suits requires courts to exercise judicial discretion in determining whether intervention should be allowed. (*Gibson v. Ferrell,* 77 Kan. 454, 94 Pac. 783; *Beren v. Marshall Oil & Gas Corp.,* 122 Kan. 134, 251 Pac. 192; *McBath v. Loose-Wiles Biscuit Co.,* 142 Kan. 197, 199, 46 P. 2d 624.) Illustrative of these decisions is the Beren case in which the intervention statute was under consideration and where it was said that:

"Intervention may in many situations be allowed without express statutory authority, in the discretion of the court." (p. 135.)

In the instant case intervention was had early and before appellant had answered plaintiff's petition. Appellant does not contend the intervention was too late, if otherwise permissible. While the time element is not an issue in the instant case we pause to refer to an instructive annotation in 127 A. L. R. 668 relative to the time within which the right to intervene generally may be exercised.

Appellant directs attention to certain language in *Watts v. Watts,* 158 Kan. 59, 64, 145 P. 2d 128, relative to making any person other than the spouse a party defendant in a divorce action. We, however, stated the point was neither mentioned nor relied upon in the briefs and that our consideration of the appeal should not be interpreted as full approval or binding in a case where that subject and another to which we called attention would be fully presented. What was there said was not intended to be, and is not, a binding adjudication of plaintiff's right to join a third party as defendant or of a third party's right to intervene in a divorce action for the sole purpose of obtaining a determination of property rights.

Appellant argues the intervening petition when considered with plaintiff's petition constitutes a misjoinder of causes of action as the intervenor is not interested in that branch of plaintiff's cause of action which pertains to a divorce. The third party did not join as a party plaintiff in this action. As previously indicated a third party ordinarily has no legal interest in the marital relation of the parties or in its dissolution. That, however, does not alter the fact

all parties in this case. are interested in the branch of plaintiff's case which pertains to property rights.

Appellant also contends there is a misjoinder of causes of action in the intervening petition when considered by itself. The trouble with that contention is that an amended intervening petition has been filed with leave of court. The defects of the original intervening petition, if any, are therefore no longer an issue in the case and the ruling thereon is not now reviewable.

Appellant's final contention the court committed error in permitting the filing of an amended intervening petition is based upon the same theory previously advanced, but not sustained, that intervention does not lie in a divorce action.

The judgment is affirmed.