Nellrose Jarrett, Plaintiff, v. Robert Jarrett, Defendant.
Robert Nelson Jarrett, Petitioner-Appellant, v. Ernest Boggess and Ada Boggess, Intervening-Petitioners-Appellees.

Gen. No. 9,832.

Opinion filed June 10, 1952. Rehearing denied September 10, 1952. Released for publication September 10, 1952.

JOHN B. HARRIS, of Granite City, for appellant.

L. A. MEHRHOFF, of Carrollton, and WISEMAN & CHAPMAN, of Alton, for appellees.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

The petitioner, Robert Nelson Jarrett, married Nellrose Jarrett at Alton, Illinois on August 13th, 1946. They did not live together after their marriage. Jarrett took his wife to her grandmother, Nellie Spencer, who lived with her husband, W. A. Spencer, on a farm near Roodhouse, Illinois. He then returned to his home at Granite City. Nellrose Jarrett had conceived prior to the marriage and on November 18, 1946, gave birth to the child David Nelson Jarrett. In April 1949, Mrs. Jarrett filed for divorce charging desertion and asking for the custody of the child. The defendant to that case, the petitioner herein, entered his appearance to that divorce suit and on May 26, 1949, a divorce was granted on the ground of desertion without reasonable cause and the custody of the child, David Nelson Jarrett, was awarded to the mother, and the father, Robert Nelson Jarrett, was ordered to pay $20 per month for the support of the child. The father was given the right of visitation at least one Sunday afternoon of each month, from 1:00 p. m. to 6:00 p. m.

Both the father and mother remarried, each taking a new spouse. On May 21, 1951, the mother, Nellrose Jarrett, died leaving surviving her the child David Nelson Jarrett. What happened to the husband of Nellrose Jarrett by the second marriage does not appear of record but since he makes no claim it is not important. The child lived from the time of his birth until the present time with his mother, and his grandmother, Mrs. Ada Boggess, and her husband, Ernest Boggess, except for a short time when he lived with his great grandmother. The mother, Nellrose Jarrett, until about August 1950, when she remarried, lived with her mother, Mrs. Boggess. After the remarriage in August 1950, the child lived with Mrs. Boggess.

In July 1951, after the mother's death, the father, Robert Nelson Jarrett, filed his petition to amend the decree by awarding the custody of the child to him. This was resisted by the grandmother, Ada Boggess, and her husband, Ernest Boggess, who filed an intervening petition for the custody of the child. The child was then about four and one-half years of age. The intervening petitioners claimed they had had more of the care, custody and control of the child than its own mother; that they were both attached to the child and the child to them; that they were persons of modest means but able to care for and rear the child; that the father was not a fit and proper person to have the care, custody and control of the child in preference to them. They then asked for a modification of the original decree, by awarding the child to them.

The chancellor heard the matter and on August 3rd, 1951, allowed the prayer of the intervening petition and gave the care, custody and control of the child, David Nelson Jarrett, to the grandmother and her husband. Mr. Boggess was not the maternal grandfather. By such order the chancellor denies the petition of the father. From that order the petitioner, the father, Robert Nelson Jarrett, has appealed to this court.

The appellant assigns six errors as grounds for reversal. For the purpose of this case, they may well be condensed into these points:

1. Is the father a fit and proper person to have the custody of the child?

2. Has the father forfeited any of his rights to said child?

3. Taking into consideration the two questions above, what is for the best interests of the child?

This kind of a case presents matters that are often difficult to decide. As our courts have said before, any decision is apt to bring heartache to those who deserve it least. When people through the goodness

of their hearts, take a child into their home and lavish upon it their affection and care, they are certainly entitled to much consideration. Yet, in determining the rights of the parties concerned, the court must take the law as laid down in numerous cases in both the Supreme Court and the Appellate Courts and apply that law to the facts in this case.

██ The first question to be decided is whether or not the father is a fit person to have the custody and control of the child. While the intervening petitioners alleged that the father was not such a proper person, there is no evidence in the record to substantiate this, but, on the contrary there is evidence to the effect that he is a proper and fit person. It is probably true that the father refused to live with the mother and did remark that he would not take the child. The reason for the ill-feeling between the mother and father is not disclosed and is not too important at this time, but there seems to be no question that such ill-feeling existed. The father could and did change his mind about wanting the custody of the child. This court feels that the evidence establishes that the father is a fit and proper person to have the custody of the child and that the intervening petitioners failed to produce any evidence that he was not such a proper and fit person.

██ ██ If the father is a proper and fit person to have the custody of the child, he could, by neglect, abuse, or otherwise, forfeit his rights to the custody of the child. As to that, the evidence is that he refused to take the child at one time; that he visited the child about four times during the child's lifetime, or within four years; that he paid, by order of the court, $20 per month for the support of the child, after the divorce, with the exception of about two months when he stated he was not able to do so; that prior to the divorce he gave the mother money for the support

of the child. A court is only warranted in depriving a father of the custody of his child where the evidence discloses that the child is destitute, abandoned or dependent; that the father is living an immoral life or in vicious or disreputable circumstances; that he has neglected or treated the child cruelly or unkindly or that he may so treat the child; that he is wanting in good principles or that he is illy adapted to the care of the child on account of defects in his mental or physical qualities which prevent him from being a kind and affectionate father. *Wohlford v. Burckhardt,* 141 Ill. App. 321. None of these conditions appear in this case.

■ The right of the father to custody is paramount, unless one or more of the following conditions is present: (a) The father is unfit or (b) by his conduct he has forfeited his right to custody. The Statutes of Illinois set forth the paramount right of the father to custody of the child, where he is a fit person and has not forfeited his rights, by the following language: ''When both parents of a minor are living and are competent to transact their own business and are fit persons, they are entitled to the custody of the person of the minor and the direction of his education; and, if one parent is dead and the surviving parent is competent to transact his own business and is a fit person, he is similarly entitled.'' Chapter 3, section 284, Illinois Revised Statutes (1951). [Jones Ill. Stats. Ann. 110.381.]

■ ■ The law presumes the interest and welfare of the child to be best served in the custody of its father (*Wilson v. Mitchell,* 48 Colo. 454) and that the right of a parent to the custody of his child is superior to that of any other person when he is fit and can provide the necessities of life, and where both contestants are equally proper persons, such as in this case, the father will be awarded the preference. *Cormack v.*

*Marshall,* 211 Ill. 519. *People ex rel. Yarmulnick v. Hoff,* 323 Ill. App. 535.

In the case of *Kulan v. Anderson,* 300 Ill. App. 267, a well reasoned opinion in this class of cases, after reviewing the holdings of this and other states pertaining to the custody of children, the court said at page 277: "It must be borne in mind that the controversy in the instant case is between the father and an aunt, and that the right of the State to take a child from the parent, or parents, . . . is not here involved. In our opinion, the father, under the law of this State and the admitted facts, had the right to the sole custody of the child . . . The rule that a parent has the right to the custody of his child against all the world, unless he has forfeited that right, was born of the natural desire of mankind to create and maintain a home; and, as has been often said, the home is the foundation of society and civilization. Deprive worthy parents of their natural right to the custody of their children, where they have not forfeited that right, and you undermine the home." *People ex rel. Yarmulnick v. Hoff,* 323 Ill. App. 535.

In *Cormack v. Marshall,* 211 Ill. 519, at page 523, the court there said:

"We regard the rights of the parent as superior to those of any other person when that parent is a fit person to have the custody of children and is so circumstanced that he can provide the necessaries of life and administer to the requirements of such a charge."

The same language is used in *Sullivan v. People ex rel. Heeney,* 224 Ill. 468, and the court there, going further said:

". . . and the legal presumption, in the absence of all proof, is that he is entitled to its care and custody."

█ The third question is that of what is for the best interest of the child. The evidence discloses that

7

the grandmother and the husband are elderly people. The child is only four years of age. Apparently, both the grandmother and her husband, and the father and his wife, are equally financially capable of supporting the child and giving to him a proper home surrounding. The father and his second wife declare they are ready and willing to take the child, love him and rear him as they should. Under the circumstances, we are not prepared to say that the right of the father to the custody of his child should be overridden. As the surviving parent and the father, he has certain paramount rights which are good against all the world unless he is not a fit person or has forfeited those rights. Evidently the child will be well cared for in either home, that of his grandmother or that of his father, so that the best interest of the child will be served if the custody is granted to the father.

This court must therefore find that the father is a fit and proper person to have the custody of his child; that he has not forfeited any of his rights to custody, and that the best interests of the child will be served by awarding his custody to his father. There is no evidence in the record to the contrary.

The decision of the circuit court is reversed and the cause remanded with directions to modify the original decree and grant the custody of the child, David Nelson Jarrett, to his father, Robert Nelson Jarrett.

*Reversed and remanded with directions.*