Charles Rex Horn, Plaintiff-Appellant, v. Marceline Horn, Defendant-Appellee.

**Gen. No. 9,991.**

Third District.

March 29, 1955.

Released for publication April 14, 1955.

Clarence B. Davis, and Sylvester L. Carter, both of Springfield, for appellant.

Hoffmann & Hoffmann, of Springfield, for appellee; Richard R. Grummon, of Springfield, of counsel.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from the circuit court of Sangamon county to this court, from an order modifying a decree of divorce. In the original decree, the custody of the minor child of Charles Rex Horn, plaintiff, and Marceline Horn, defendant, was awarded to the paternal grandfather W. F. Horn, who resides at Weeping Water, Nebraska. The decree was entered on December 27, 1952. On December 30, 1953, the defendant filed her petition for modification of the decree previously entered, asking that the custody of said minor child be changed from the paternal grandfather to herself. A hearing was had on the petition to modify, and the matter was taken under advisement. On motion of the plaintiff, after the evidence had been heard and the cause was under advisement by the court, an investigation of the homes of the defendant and the plaintiff's parents was referred to the probation officer of the Sangamon county court for investigation and report.

After such investigation and report by the said probation officer, on April 23, 1954, the court entered an order modifying the divorce decree previously entered by awarding the custody of the minor child, David, to the defendant, together with a support order in the amount of $30 per month until the further order of the court. From the order of modification, the plaintiff has appealed to this court.

The plaintiff in his appeal raises two points. One, that the circuit court did not have jurisdiction to enter an order changing the custody of the minor child from the paternal grandfather to the defendant without the paternal grandfather having first been made a party to the petition to modify. Two, that in the event that the circuit court did have the jurisdiction, that the evidence before the circuit court was insufficient to warrant a modification of the original custody order.

■ ■ Before discussing the two points raised, certain minor points raised, at least by implication, should be discussed so that the two major points could be properly considered. The language of the divorce decree entered December 27, 1952 awarded the custody of the minor child to the paternal grandfather, W. F. Horn, *until a further written order is made by this court.* (The emphasis is ours.) Taking into consideration the inherent right of a court in a case of this character to retain jurisdiction, and the language of the decree itself, there can be no question that the court retained and had jurisdiction to modify, change or continue the award of custody. Under such circumstances, the minor child is a ward of the court, and the court may, from time to time, dependent upon circumstances, make such orders as the court deems for the best interests of the child. This was decided in a well-reasoned opinion in the case of Nye v. Nye, 411 Ill. 408, where that court said: "After a divorce decree in this State the custody of the children is always subject to the order of the Court which enters the decree and may

349

be changed from time to time as the best interests of the children demand." This position was again stated by this court in the case of In re Matter of Ramelow, 3 Ill.App.2d 190. This jurisdiction is conceded by the plaintiff in his reply brief. This point being settled, there can be no merit to the theory that by entering the order that the minor child was to remain in the care and custody of the grandfather that the court voluntarily deprived itself of jurisdiction over the child.

■ Was the paternal grandfather a necessary party? Section 24 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 148; Jones Ill. Stats. Ann. 104.024] provides that any person whom it is necessary to make a party for the complete determination or settlement of any question involved therein may be made a party defendant. This is a permissive matter, for the protection of the litigant, but there is not, in that section, any mandatory requirement that requires that every person, however slight their interest, must be made a party defendant.

The grandfather possessed neither natural nor property rights respecting the custody of the child as against either of the child's parents. The grandfather was not a party to the divorce suit. He had no standing other than as temporary custodian of the child under the provisions of the divorce decree. He was awarded temporary custody not because of any right thereto granted by law, but solely because the court in its wisdom regarded that arrangement to be for the best interests and welfare of the child. He necessarily assumed custody with knowledge of the continuing jurisdiction of the court over its ward and of the authority of the court to modify its decree as to custody at any time upon motion of either party to the decree.

It has been uniformly held in other jurisdictions that a grandparent has no standing to seek modification of the custody provisions of a divorce decree because the grandparent was not a party to the divorce proceeding,

and because a grandparent, unlike a parent, does not have a natural right to custody. (Zachary v. Zachary, 155 Ore. 346, 63 P.2d 1080, 1081 (1937); In re Adoption of Abelsen, 190 Ore. 319, 225 P.2d 768, 771 (1950); Hupp v. Hupp, 238 Mo. App. 964, 194 S.W.2d 215, 220 (1946); Girtman v. Girtman, 191 Ga. 173, 11 S.E.2d 782, 786 (1940).) This has been held so even though custody was awarded initially to the grandparent. Ex parte Quinn, 196 Ore. 283, 248 P.2d 832, 836 (1952).

██ The jurisdiction of the court was properly invoked by the mother of the child. As a party to the original proceeding the mother had a right under our statute to petition for modification of the custody provisions of the decree. As the mother of the child she had a natural right to custody, subject only to the like natural right of the father, to whom notice was given and who was heard, and to the best interests and welfare of the child. The grandparents were without an interest in the subject matter which entitled them as of right to participate in the proceeding or to be heard, or which entitled them to notice. However, either party was at liberty, though not required, to give them notice or to bring them in to testify. No rights of theirs or of any party to the proceeding were violated by failure on the part of any of the parties to give them notice.

██ ██ Section 24 (1) of the Civil Practice Act is of no aid to appellant. Section 24 (1) deals only with permissive joinder of parties defendant. It does not deal with the subject of what parties must be joined as defendants. Whether a person must be joined as a party and given notice and an opportunity to be heard must be determined, not on the basis of section 24 (1), but upon fundamental principles of due process. The inquiry to be made is whether the absent person has a natural private right or property interest which necessarily will be (or was) affected by the decree or order. If the answer to the inquiry is in the affirmative he must be joined as a party, not because of section 24 (1),

351

but because under fundamental law a court is without power or jurisdiction to enter a decree, order or judgment which affects a natural personal right or a property interest of someone not before the court.

Nor do the cases of London & Lancashire Indemnity Co. of America v. Tindall, 377 Ill. 308, and Hauser v. Power, 351 Ill. 36, relied upon by appellants, advance their contentions. Each is but an example of the application of fundamental doctrine that one whose personal rights or property interests will necessarily be affected by a judgment decree or order is a necessary, or as is sometimes said, an indispensible party. In the London & Lancashire Indemnity Co. case it was held that in a suit for subrogation one whose property was sought to be applied in payment of a debt by subrogation was a necessary party to the proceeding. In the Hauser v. Power case it was held that the holder of a mortgage upon land, the title to which in the mortgagor was challenged, was a necessary party because any decree affecting the title would necessarily affect the security interest of the mortgagee.

Inasmuch as no natural personal right of the grandfather was involved in the proceedings for modification of the custody provisions of the decree, he neither could have been nor was he affected by any modification decree which was or might have been entered.

It appears from the record that the mother of the plaintiff made an affidavit that was filed in the cause on February 5, 1954, the day of trial. The home of the plaintiff's parents was investigated on motion of the plaintiff, and the plaintiff's parents therefore knew that the defendant was attempting to have the decree modified.

█ There is another matter to be considered in passing on these questions, and that is the right of the parent to have the custody of his or her own child. The right of the parent to the custody of his or her child

against all the world, unless he or she has forfeited that right, was born of the natural desire of mankind to create and maintain a home; and as has been often said, the home is the foundation of society and civilization. To deprive parents of their natural right to the custody of their children where they have not forfeited that right will undermine the home. People ex rel. Yarmulnick v. Hoff, 323 Ill. App. 535. In Cormack v. Marshall, 211 Ill. 519, the court there said: "We regard the rights of the parent as superior to those of any other person, when that parent is a fit person to have the custody of children and is so circumstanced that he can provide the necessaries of life and administer to the requirements of such a charge." This view has been repeated in Sullivan v. People ex rel. Heeney, 224 Ill. 468, and Jarrett v. Jarrett, 348 Ill. App. 1. In the Jarrett case, the child was only four years of age and had been in the custody of his grandmother. The father filed his petition to amend the decree by awarding the custody of the child to him. The grandmother filed an intervening petition and asked that the custody be given to her. In passing on the question, the court said this: "This kind of a case presents matters that are often difficult to decide. As our courts have said before, any decision is apt to bring heartache to those who deserve it least. When people through the goodness of their hearts, take a child into their home and lavish upon it their affection and care, they are certainly entitled to much consideration. Yet, in determining the rights of the parties concerned, the court must take the law as laid down in numerous cases in both the Supreme Court and the Appellate Courts and apply that law to the facts in this case. . . . Apparently, both the grandmother and her husband, and the father and his wife, are equally financially capable of supporting the child and giving to him a proper home surrounding. The father and his second wife declare they are ready and

353

willing to take the child, love him and rear him as they should. Under the circumstances, we are not prepared to say that the right of the father to the custody of his child should be overridden. As the surviving parent and the father, he has certain paramount rights which are good against all the world unless he is not a fit person or has forfeited those rights."

 Here the father apparently does not wish the custody of the child. He has at no time evinced any desire, so far as the record discloses, to have the custody of the child awarded to him. Instead, he asked for and had the child's custody awarded to his father. The mother, having remarried, now desires the custody of the child, and an investigation of her financial responsibility and the home in which she lives has been so satisfactory that the court felt justified in changing the order and giving the child to her. It is the opinion of this court that however financially responsible the paternal grandfather may be, and however suitable he may be to rear this child, that any rights he may have must necessarily be subordinate to those of the mother. We must further hold that the grandfather does not have any legal, beneficial or vested right in the custody of the child, but that his interest at all times has been contingent upon the further order of the court that awarded him custody and that he is not a necessary party to the proceedings to modify. Not being such a necessary party and not having a legal, beneficial or vested interest in such custody, it was not necessary that he be made a party defendant.

The other point raised by the plaintiff is that the evidence before the circuit court was not sufficient to warrant a change in the original custody order. It has long been the law in this State that a reviewing court will not disturb findings of fact of a trial court, unless the finding is clearly and palpably erroneous. Western & Southern Life Ins. Co. v. Brueggeman, 323 Ill. App.

173. Where the evidence is conflicting the conclusions of the trial judge who saw and heard the witnesses and had advantages not possessed by the reviewing court in judging the weight of their testimony should not be disturbed unless clearly wrong. City of Quincy v. Kemper, 304 Ill. 303; Bellm v. Henry, 336 Ill. App. 525.

■ This court is not disposed to disturb the finding of the trial judge, since the evidence is conflicting and his decision is a decision of facts, and therefore the order modifying the decree is affirmed.

Affirmed.