*In re* CUSTODY OF CHARLAND HAWKINS.—(JEFFREY BRUCE HAWKINS, Petitioner-Appellee, *v.* THOMAS R. COLSON *et al.*, Intervening Respondents-Appellants.)

Third District   No. 79-330

Opinion filed November 9, 1979.

874

Robert L. Metzler, of Pekin, for appellant.

John W. Alsup, Jr., of Mt. Sterling, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Petitioner Jeffrey Hawkins commenced this proceeding by filing a petition for modification of judgment for dissolution of marriage in the circuit court of Tazewell County seeking custody of Charland Hawkins, his minor child. Upon learning of the petition for modification, intervenors Thomas and Margy Colson, maternal grandparents of the minor child, filed a petition for intervention and motion to dismiss challenging the trial court's jurisdiction. The court granted the petition for intervention, denied the motion to dismiss, and, after a bench trial, granted the petition for modification. The sole question presented for our review is whether the trial court had jurisdiction over the subject matter of, and parties to, this proceeding.

On May 5, 1977, petitioner was divorced from Stephanie Hawkins, late mother of the minor child, who was awarded custody of her son. In the early part of 1978, Mrs. Hawkins left this State, removing the minor child without leave of court, to reside with her grandparents, Earl and Margaret Goodin, in Florida. On October 6, 1978, Stephanie Hawkins was murdered. The minor child was returned to Illinois for his mother's funeral and lived with petitioner until November 11, 1978, when the child was again taken to Florida without leave of court and without the petitioner's knowledge or approval. The record is unclear as to whether Earl Goodin alone removed the child or did so with intervenor Margy Colson. On or about November 14, 1978, the Goodins petitioned for custody of the minor child in Florida.

On December 2, 1978, petitioner filed his petition for modification. At the time of filing, there was no notice of hearing to anyone other than the court-appointed guardian ad litem. On December 26, 1978, the trial court ruled on the parties' motions and continued the cause to January 9, 1979, to allow intervenors to be heard. After the court granted the petition for modification on January 16, 1979, petitioner went to Florida and demanded his son from the Goodins. After the demand was refused, the trial court held intervenor Margy Colson in contempt. On February 12, 1979, the circuit court of Polk County, Florida, found that the Illinois court should retain jurisdiction and enforced the order of the trial court awarding custody to petitioner.

The relevant statutory authority is section 601(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 601(a)) which provides in pertinent part:

> "A court of this State competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification judgment if:
>
> * * *
>
> (2) it is in the best interest of the child that a court of this State assume jurisdiction because . . . the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships; * * *
>
> * * *"

■ In the case at bar, both the minor child and petitioner have a significant connection with this State. The child was born in Illinois in March 1974 and resided here until April 1978, when he was removed to Florida without leave of court. He was returned to Illinois in October 1978 and resided with petitioner until his second removal without leave of court in November 1978. Petitioner resides and works in Illinois and has done so since at least August 1973. There is likewise available in this State substantial evidence concerning the child's future care, protection, training and personal relationships. The trial court considered this evidence in the course of reaching its decision and specifically noted its sufficiency. The only contact with another State occurred as a result of two unsanctioned removals of the child from Illinois. We therefore find the trial court properly exercised jurisdiction in modifying the judgment of dissolution of marriage.

As we have concluded that jurisdiction vested under section 601(a)(2) of the Act, we do not reach the questions of whether the decretal court retained jurisdiction of this cause as mandated by section 18 of the former Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19), and

decisions thereunder (*e.g.*, *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028; *Nye v. Nye* (1952), 41 Ill. 408, 105 N.E.2d 300), nor whether jurisdiction would also have vested under any other subsection of section 601(a).

■■ Intervenors also contend that petitioner was required to serve them and the Goodins with notice of the custody proceedings. Section 601(e) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 601(e)) requires notice to the child's parents, guardian and custodian. As neither intervenors nor the Goodins are members of any of the enumerated classes, no notice of the proceedings was required. *Horn v. Horn* (1955), 5 Ill. App. 2d 346, 125 N.E.2d 539, cited by intervenors in support of their position, is inapposite. In that case a paternal grandfather was awarded temporary custody of his grandson, a circumstance not here present, and he was nonetheless not deemed a necessary party to a subsequent modification proceeding.

Subsequent to the custody determination herein, the trial court found intervenor Margy Colson in contempt of court as the minor child had not been surrendered to the petitioner and allowed her to purge herself by surrendering the child before a date certain. In the typical contempt action arising out of a divorce case, the purpose of the order is to obtain support money or coerce compliance with a decree provision. Such actions are usually characterized as civil in nature. (See *People v. Marcisz* (1975), 32 Ill. App. 3d 467, 334 N.E.2d 737, 740.) In civil contempt proceedings the order usually provides that the sanction imposed abates if the contemnor purges himself by compliance. (See *Blankenship v. Blankenship* (1978), 63 Ill. App. 3d 803, 380 N.E.2d 1165, 1167.) In the case at bar, the petitioner made demand on the Goodins to deliver the minor child and filed a petition for rule to show cause why intervenor Margy Colson should not be held in contempt after the Goodins refused to do so. Both the contemptuous act and the purger of that act could only be accomplished by the Goodins, who were not before the court nor subject to its jursidiction.

■■ We therefore vacate the trial court's order of February 2, 1979, holding intervenor Margy Colson in contempt and imposing a fine and jail sentence.

Accordingly, the order of the circuit court of Tazewell County denying intervenors' motion to dismiss is affirmed and its order of contempt and sanctions therefore is vacated.

Affirmed in part; vacated in part.

ALLOY and BARRY, JJ., concur.